OKEECHOBEE COMPANY, a Florida Corporation, *Appellant*, vs. META RAMBO and her next friend and husband, J. G. RAMBO and EUGENE PORTER, *Appellees*.

138 So. 761.

En Banc.

Opinion filed November 24, 1931.

Petition for rehearing denied January 13, 1932.

*M. D. Carmichael* and *R. K. Lewis*, for Appellant;
*S. P. Robineau*, for Appellees.

TERRELL, J.—This appeal is from a final decree cancelling a deed and mortgage and requiring the return of Nine Thousand Dollars with interest, being the amount of the

cash payment made on the lands described in the deed and mortgage.

To the bill of complaint, appellant, Okeechobee Company, a Florida corporation interposed a plea of privilege claiming the right to be sued in Okeechobee County where its office and principal place of business is located. The order overruling this plea is the premise for the first assignment of error.

The record discloses that the office and principal place of business of appellant, Okeechobee Company, is located in Okeechobee County, that it is a domestic corporation, that at the time the sale brought in question was made appellant had a representative who was operating a branch office at Miami in Dade County, Florida, that the sale was actually negotiated at Miami but that the deed and mortgage were executed at the home office and that the Miami office was suspended long prior to the bringing of this suit which was in fact brought in Dade County.

Section 2582 Revised General Statutes of 1920 (Section 4222 Compiled General Laws of 1927) provides that suits against domestic corporations *shall* be commenced *only* in the county (or justice district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is.

We think that in view of this statute the plea of privilege should have been sustained. The office at Miami was a mere temporary affair conducted by selling agents of appellant for their convenience. The "property in litigation" was located in Okeechobee County, and while the sale was negotiated through the Miami office it was actually consummated at the Okeechobee office. "An office for the transaction of its customary business" as applied to a domestic corporation must have reference to its home office, permanent office, or office through which its princi-

pal business is transacted. It would not apply to a temporary office conducted by an agent for his convenience which is subject to abandonment at any time.

The denial of the plea of privilege was error that was jurisdictional for which the cause must be and is hereby reversed though it is not out of place to state that the record and other assignments have been examined and the final decree of the chancellor is found to be amply supported.

Reversed.

BUFORD, C.J., AND WHITFIELD AND ELLIS, J.J., concur.

BROWN AND DAVIS, J.J., concur in part and dissent in part.

DAVIS, J. (Concurring in part and dissenting in part): I concur in Mr. Justice Terrell's statement of the law but not in the conclusion that there is reversible error in the record.

The plea of privilege which was filed by the defendant corporation in this case, omitting its formal parts, is as follows:

"Comes now Okeechobee Company, by M. B. Carmichael, its solicitor, and enters this its Plea of Privilege to the Bill of Complaint of Meta Rambo, by her next friend and husband, J. G. Rambo, and Eugene Porter, Complainants, and says:

That Dade County is not now and was not at the time of the filing of the above entitled suit or the serving of the subpoena on it, in said cause or at any other time the County of Defendant's residence, and is not the County where the cause of action accrued, and is not the County in which process was served on the Defendant in said cause;

That the Defendant at the time and before the institution of said suit and ever since said time has been and is now a resident of Okeechobee County, Florida, and not of Dade County, Florida, and that said subpoena in Chancery herein was served in Okeechobee County, Florida, and not in Dade County, Florida, where the said suit is pending;

That the land involved in this litigation is located in Okeechobee County, Florida, and not in Dade County, Florida, and that the sale of said land was made in Okeechobee County, Florida, and not in Dade County, Florida.

WHEREFORE, the Defendant claims its privilege of being sued in Okeechobee County, Florida, the County of its residence and the County in which the process in this cause was served in, and it prays the Court that the above cause be abated and that the subpoena herein issued be quashed, as well as the return therein.

OKEECHOBEE COMPANY

By R. Y. Patterson,

Its Vice President.''

This plea does not deny that defendant had an ''office for the transaction of its customary business'' in Dade County when the suit against it was begun in Dade County. It is undoubtedly true as a matter of fact that, at the time the suit was begun, whatever office had been maintained by the corporation or its agents in Dade County had been closed and abandoned, but the plea does not aver this to be a fact, and the only way it appears at all in the record is in the testimony taken on the hearing as to the merits of the cause.

The omission from defendant's plea of privilege of the specific allegation that appellant did not have an office in Dade County for the transaction of its customary business or did not usually keep such an office in Dade County is in my humble opinion fatal to the sufficiency of the plea, and the silence of the plea with reference to such negation constitutes, for purposes of the adjudication of the sufficiency of this plea of privilege, an admission that the corporation did have or maintain such an office in Dade County as would justify a suit being brought and maintained against it there. Da Costa v. Dibble, 40 Fla. 418, 24 Sou. Rep. 411; Henderson v. Chaires, 35 Fla. 423, 17 Sou. Rep. 574; Crystal River Lumber Co. v. Consolidated Naval Stores Co., 63 Fla. 119, 58 Sou. Rep. 129.

So, I think that there was no error committed by the chancellor in overruling the plea of privilege. In all other respects I concur in the views stated in the opinion of Mr. Justice Terrell.

BROWN, J., concurs.