372 So.2d 548 (1979)
MAJESTIC II, ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
Christopher BUTLER, Etc., Appellee.
No. 79-547.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Smathers & Thompson and John W. Keller, III, Miami, for appellant.
Joe N. Unger, Walter & Bernstein, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant has appealed, pursuant to Fla.R.App.P. 9.130(a)(3)(A), from an order denying its motion to "abate" the action because venue was improperly laid in Dade County. We reverse.
The plaintiff sued the defendant, a Florida corporation which operates a charter fishing boat from a berth in Key Largo, Monroe County, in the Dade County Circuit Court, for personal injuries he received while aboard the vessel in Monroe County waters. Among other things, the defendant contended that the venue selected by the plaintiff was improper, on the ground that under Section 47.051, Florida Statutes (1977), the corporation had no "office for transaction of its customary business" in Dade County. An affidavit attached to its motion to abate alleged:
"That I am Thomas Mulcahy, President of Majestic II, Enterprises, Inc."
* * * * * *
"The vessel `Miss Majestic', is owned and operated by Majestic II, Enterprises, Inc.
The vessel `Miss Majestic' operates from its berth located in Key Largo, Monroe County, Florida at the Holiday Inn Docks.
Majestic II, Enterprises, Inc. has its only office for the transaction of its customary business in Key Largo, Monroe County, Florida at the Holiday Inn Docks."
In response, the plaintiff submitted an affidavit of his attorney which stated:
"That the Defendant, MAJESTIC II ENTERPRISES, INC., has registered *549 with the Secretary of State, State of Florida, as having a Dade County address: 19791 S.W. 302nd Street, Homestead, Florida.
That a Certified copy as set forth in the Corporate Charter of MAJESTIC II ENTERPRISES, INC., filed with the Secretary of State, shows that the Defendant lists its office address in Dade County. Said corporate information, as listed in the Corporate Charter, is attached hereto.
That the Defendant, MAJESTIC II ENTERPRISES, INC., has registered its Resident Agent for service of process, Thomas Mulcahy, at a Dade County address: 19791 S.W. 302nd Street, Homestead, Florida.
That the Resident Agent, Thomas Mulcahy, was served at the above address in Dade County, as registered with the Secretary of State."
On this record, the trial court's determination that the action could be maintained in Dade County was incorrect.
The applicable statute, Sec. 47.051, provides in full:
"Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located."
Since it is undisputed that the action arose in Monroe County and that there is no property in litigation, venue may be sustained only if the defendant corporation in fact has "an office for transaction of its customary business" in Dade County. It was conclusively demonstrated below that it does not. The defendant's affidavit which affirmatively said that it does not was not rebutted by the plaintiff's showing in opposition to the motion. His attorney's affidavit showed only that the designated "corporate headquarters" and the location of its resident agent, Mr. Mulcahy, were in Dade County; it pointedly did not suggest the existence even of any "office" at all in Dade County,[1] much less one at which the corporation's customary business was transacted. While the existence merely of an agent, for service of process or otherwise, in a particular county would establish the propriety of venue in that county as to a foreign corporation, Sec. 47.051, supra, it does not satisfy the more stringent statutory venue criterion for a Florida corporation like the present appellant. See Permenter v. Bank of Green Cove Springs, 136 So.2d 377, 379 (Fla. 1st DCA 1962) (dictum), where it was said:
"Even if it were established that the defendant is licensed to do business in Green Cove Springs, Clay County, Florida, and was served with process in that county, such factors have no bearing on the question of venue under the statute."
As the court summarized the applicable law in Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170, 173-174 (Fla. 1st DCA 1959):
"For a corporation to transact business in a county within the meaning of such a statute, the business transacted by it in the county must be a part of its usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional or isolated transaction.
In Okeechobee Company v. Rambo [103 Fla. 687, 138 So. 761 (1931)] suit was commenced in Dade County, whereas the cause of action sued upon accrued and the defendant's principal place of business was located in Okeechobee County. It was shown by the evidence that defendant never had or kept an office for the transaction of its customary business in Dade County. An office in the latter county had previously been opened and temporarily maintained by defendant's agents for their own convenience, but had *550 been closed before suit was commenced. In reversing the decree of the trial court our Supreme Court held that `an office for the transaction of its customary business' as applied to a domestic corporation must have reference to its home office, permanent office, or office through which its principal business is transacted. It would not apply to a temporary office conducted by an agent for his convenience which is subject to abandonment at any time.
A domestic corporation may be sued in any county where it maintains a branch office for the transaction of any substantial part of its customary business." [emphasis supplied]
Since the defendant thus carried its burden of timely establishing the impropriety of venue, e.g., Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955), and the plaintiff did not contravene that showing, the trial court had no discretion to permit the cause to continue to be maintained in Dade County. Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978). The order under review is therefore reversed and the cause remanded with directions either to abate the cause, to dismiss it without prejudice, or, at the plaintiff's option, to transfer it to Monroe County.
Reversed and remanded.
NOTES
[1] So far as the record shows, the Homestead address was Mulcahy's home.