400 So.2d 50 (1981)
Marilyn PEARSON and E.J. Pearson, Her Husband, Appellants,
v.
WALLACE AVIATION, INC., Appellee.
No. 79-286.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
Rehearing Denied July 1, 1981.
*51 Martin B. Unger of Gurney, Gurney, & Handley, P.A., Orlando, for appellants.
Richard R. Whitson of Whitson & Whitson, Daytona Beach, for appellee.
SHARP, Judge.
Marilyn Pearson and her husband, E.J. Pearson, plaintiffs in the trial court, appeal a non-final order transferring their action from Orange County to Volusia County.[1] The lower court ruled venue was improper in Orange County.
The Pearsons filed their action in Orange County against Wallace Aviation, Inc., alleging causes of action in contract and tort for the defendant's alleged failure to repair and properly inspect the Pearson's aircraft at its place of business in Flagler County. Marilyn was severely injured when the aircraft malfunctioned and crashed near Maguire Airport in Orange County. At the time the suit was filed, Wallace Aviation, Inc., was no longer doing business, but its president was living in Volusia County.
The affidavit in support of the defendant's motion to transfer venue established that Wallace Aviation, Inc., was doing business only in Flagler County at the time the plane was inspected, and that it had no connection with Orange County. At the hearing before the lower court no testimony was taken. The decision to transfer was based on the lower court's conclusion that the cause of action "accrued" in Flagler County, not Orange, and that Volusia was a viable venue choice because the president of the corporate defendant resided there.
Section 47.051, Florida Statutes (1979), gives a plaintiff three possible venue choices: the county in which the domestic corporate defendant "has, or usually keeps an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located." The record in this case fails to show this corporate defendant has any office to transact business in any county,[2] and the suit does not involve any property located in any particular place. Therefore, venue is proper only in the county where the cause of action accrued.
The defendant takes the position that the cause of action accrued in Flagler County because the services performed by the defendant which allegedly caused the accident were all performed in Flagler.[3] In negligence suits, the rule is well established that a cause of action accrues where the plaintiff suffers his or her injuries; normally the site of the accident. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967); Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979); Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978); Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975). In Hopkins and Kelly-Springfield there were allegations (as in this case) of defective maintenance and design of the defective airplane and auto tire involved in those cases, but the place where those contributing or causal acts took place were not deemed to alter the general venue rule.
Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975) dictates no different result.[4]Gaboury was a suit for the wrongful death of a patient treated in St. Johns County, who subsequently died in Orange County. The decedent actually received *52 her injuries in Flagler, although she lived until she reached Orange County. In the present case Marilyn Pearson received no injuries until the plane crashed in Orange County, and had she not flown that unfortunate day, she might not have been injured.
To make venue turn on what may have caused the crash and where that happened, would complicate the general rule of venue in personal injury accidents. Had Pearson claimed the cause was defective design of the plane, would that change venue to the site of the manufacturer's plant? Or if she claimed she'd been poorly instructed to fly, would it change venue to where she took flying lessons? Although other venue rules could be logically devised to determine where a tort cause of action accrues, precedent and simplicity of application persuade us to adhere to the established rule.
The order transferring venue from Orange County is reversed and the cause is remanded.
REVERSED AND REMANDED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
[2] Majestic II Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979).
[3] This case involves a complaint which sets forth two causes of action in tort and one cause of action in contract. In this opinion we are only concerned with venue for the cause of action in tort. A cause of action for breach of contract accrues in the county where the contract is breached. Windsor v. Migliaccio, 399 So.2d 65, No. 80-670 (Fla. 5th DCA May 27, 1981). However, when there are several causes of action suit may be brought in any county where any of the causes of action arose. § 47.041, Fla. Stat. (1979). Therefore, Pearson could bring suit in any county where the cause of action in tort or contract arose.
[4] The court's decision to transfer venue in Gaboury actually turned on transfer for grounds of "forum non-conveniens." § 47.122, Fla. Stat. (1979).