HERSEY, Judge.
This appeal from a non-final order denying a motion to dismiss or to transfer based upon improper venue is controlled by Sec *1103 tion 47.051, Florida Statutes (1981). Suit was filed in Broward County to recover damages for a tort committed in Duval County (in addition to tortious conduct occurring in the State of Georgia). Venue was asserted by appellee to be in Broward County on the theory that because a U-Haul trailer leased from U-Haul Company of Northern Florida, Inc., could be delivered to U-Haul Company of Central Florida, Inc. (by virtue of an arrangement existing among U-Haul companies nationwide) the latter company constituted an agent of the former company for venue purposes. The trial court agreed; we do not.
There are five separate and distinct corporations doing business in Florida under the U-Haul name and logo. The stock of all five corporations is owned by one individual. The various U-Haul companies work under an arrangement whereby a trailer leased from one corporation may, by prior written agreement, be returned to a different corporation in another city or state.
Venue of an action against a domestic corporation is properly laid “. .. in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” Section 47.051, Florida Statutes (1981); Walt Disney World Company v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975); Gaboury v. Flagler Hospital, Inc., 316 So.2d 462 (Fla. 4th DCA 1975).
The causes of action stated in the complaint are not based upon contract or even tortious breach of contract. The plaintiff (appellee here) does not allege the leasing of a trailer and no lease was involved in this case. The action does not involve real or personal property so that only the first two factors set out by the statute have application here.
The record indicates that U-Haul Company of Northern Florida, Inc., has its main office in Jacksonville and that the cause of action arose in Duval County. Even if it be assumed that the nexus alleged by appellee to exist supports a finding that the corporation located in Broward County is the agent (for some purposes) of the corporation located in Duval County, it does not follow and indeed the record contains no support for the proposition that the Duval County corporation has an office in Broward County “for transaction of its customary business.” Doing business in a county or having an agent in a county, without more, is not a sufficient basis for venue in a suit against a domestic, as opposed to a foreign, corporation. Rodin v. Auto-Train Corp., 377 So.2d 810 (Fla. 3d DCA 1979).
On remand appellee should be permitted to transfer this cause to Duval County, failing which, the complaint will be dismissed.
REVERSED AND REMANDED.
BERANEK and WALDEN, JJ., concur.