OTT, Chief Judge.
This is an appeal from an order denying a motion to abate for improper venue. We reverse.
The following facts are taken from the pleadings and affidavits filed in the lower court. Appellee met with representatives of appellant in Sarasota County. While there she tendered a $10,000 deposit in connection with the purchase of a boat from appellant. A dispute arose and appellee filed suit in Sarasota County for the return of the deposit.
Appellant filed a motion to abate for improper venue, asserting that its office for the transaction of business was in Broward County, it never had an office in Sarasota County, and any acts to be performed would be done in Broward County. Furthermore, the deposit and boat in question were both located in Broward County. The trial court denied the motion, and appellant instituted this appeal.
Appellant is a Florida corporation; therefore, section 47.051, Florida Statutes (1981),[1] applies. This statute limits venue to (1) the county where the corporation has or usually keeps an office for the transaction of business, (2) where the cause of action accrued, or (3) where the property in litigation is located. There is no property involved in this litigation.
For a corporation to transact business in a county within the meaning of the statute, the business transacted must be a part of its usual or ordinary business and must be continuous, not a mere occasional or isolated transaction. Majestic II Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d *177 DCA 1979). Doing business in a county or having an agent in a county, without more, is not a sufficient basis for venue in a suit against a domestic corporation. U—Haul of Northern Florida, Inc. v. Fuller, 417 So.2d 1102 (Fla. 4th DCA 1982). The pleadings and affidavits in this case reveal that appellant maintains its only office in Broward County and has never had an office in Sarasota County. Furthermore, since it appears that this negotiation and proposed sale in Sarasota County was but an isolated incident, venue under this factor is proper only in Broward County.
As to the other applicable factor, where the cause of action accrued, venue would be proper in Sarasota County only if the act creating the right to bring the cause of action occurred there. See E.J. Sales & Service, Inc. v. Southeast National Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982). Appellee’s complaint alleged that appellant was being unjustly enriched by its failure to perform an implied duty to return the deposit funds to which it was allegedly not entitled, a deposit located in Broward County. Therefore, the cause of action accrued where the deposit was being wrongfully retained, Broward County.
Inasmuch as appellant met its burden of showing that appellee’s choice of venue was improper, and there was no showing that appellant waived the statutory venue privilege provided to domestic corporations, we REVERSE and direct that this case be transferred to Broward County in accordance with Florida Rule of Civil Procedure 1.060.
BOARDMAN and DANAHY, JJ., concur.

. As applicable here, section 47.051, Fla.Stat. (1981), Actions against corporations, provides: Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.