553 So.2d 1299 (1989)
Barry S. MANKOWITZ, M.D., Defendant/Appellant,
v.
Jean M. STAUB and Howard Staub, Her Husband, Plaintiffs/Appellees,
v.
AMERICAN NATIONAL RED CROSS, a Federally Chartered Corporation, Fisherman's Inc., a Florida Corporation D/B/a Fisherman's Hospital, Defendants/Appellees.
Nos. 89-902, 89-933.
District Court of Appeal of Florida, Third District.
December 12, 1989.
George, Hartz & Lundeen and Esther E. Galicia, Coral Gables, for defendant/appellant.
Ralph P. Ezzo, Miami, Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for plaintiffs/appellees.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
We reverse the denial of defendant Barry Mankowitz's motion to transfer venue from Dade to Monroe County based on the following brief analysis.
The cause of action involved here, filed in Dade County, accrued in Monroe County. The plaintiffs, Jean and Howard Staub, are residents of Monroe County as are defendants Mankowitz and Fisherman's Hospital. Defendant American National Red Cross, which successfully opposed Mankowitz's motion to transfer venue from Dade to Monroe, is a federally chartered corporation with chapters in both Dade and Monroe Counties.
Section 47.011, Florida Statutes (1987), states that an action is to be brought in the county where the defendant resides. Section 47.021, Florida Statutes (1987), provides that where an action is brought against two or more defendants residing in different counties, the action may be brought in any county in which any defendant resides. Here, all defendants reside in Monroe County even though the Red Cross may also be said to reside in Dade County. Because the Red Cross resides in both Dade and Monroe Counties, it may not use section 47.021 to defeat defendant Mankowitz's right to be sued in Monroe County, the site of his sole residence. Enfinger v. Baxley, 96 So.2d 538, 540 (Fla. 1957); Allen v. Summers, 273 So.2d 13 (Fla. 3d DCA 1973); Commercial Carrier Corp. v. Mercer, 226 So.2d 270 (Fla. 2d DCA 1969). Consequently, the first order under review entered in this case, denying appellant's motion for change of venue, is reversed.
Similarly, the second order under review, denying appellant's motion to *1300 transfer venue on forum non conveniens grounds, was equally improper. Under the forum non conveniens statute (§ 47.122, Fla. Stat. (1987)) and the facts of this case, it is clear that Monroe County is the proper forum. The fact that certain expert witnesses and treating physicians reside in Dade County is not sufficient to defeat Monroe County venue. See Inter-American Sunbelt Corp. v. Borozny, 512 So.2d 287 (Fla. 3d DCA 1987); Levy v. Hawk's Cay, Inc., 505 So.2d 24 (Fla. 3d DCA 1987); Della-Donna v. Gore Newspaper Co., 390 So.2d 87 (Fla. 3d DCA 1980), review denied, 399 So.2d 1141 (Fla. 1981).
Accordingly, we reverse the non-final orders under review and remand the cause for further proceedings not inconsistent with this opinion.
Reversed and remanded with directions to transfer the action to Monroe County, Florida.