PER CURIAM.
Dolphin Cruise Line, Inc. (Dolphin) appeals from an order denying its motion to *665 dismiss or transfer for improper venue. We reverse.
Antoinette and Richard Rubin (Rubins) filed a complaint in Broward County against Dolphin seeking damages for injuries that Mrs. Rubin allegedly sustained while a passenger on one of Dolphin’s cruise ships. In the complaint, the Rubins alleged, inter alia, that they were residents of Palm Beach County, that Dolphin was a corporation doing business in Dade County, and that the cause of action accrued “in and about the navigable waters of Dade County.”
After receiving the complaint, Dolphin filed a motion to dismiss or, in the alternative, to transfer the case for improper venue and submitted an affidavit from its Senior Vice President. The affidavit affirmatively stated that Dolphin “is a Florida corporation with its sole office for the transaction of its customary business located in Miami, Dade County, Florida” and that Dolphin “does not maintain and has never had an office in Broward County, Florida.”
Dolphin argues that the trial court erred in failing to transfer venue from Broward County to Dade County. Section 47.051, Florida Statutes (1991) provides:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
“It is a plaintiffs prerogative to select venue, but the selection must be one of the alternatives provided by the statute.” Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). “It is up to the defendant to plead and prove that the venue selected by the plaintiff is improper.” Id. “Once the defendant challenges venue with an affidavit controverting the plaintiffs venue allegations, the burden shifts to the plaintiff to prove it selected the proper venue.” Id.
The instant case involved no property, and, therefore, the Rubins could only bring their action in: (1) the county where Dolphin maintained an office for the customary transaction of business, or (2) the county where the cause of action accrued. The Rubins’ complaint acknowledges that the accident occurred “in and about the navigable waters of Dade County.” In addition, the complaint alleges that Dolphin maintains its business in Dade County. The complaint does not even mention Broward County.
Dolphin’s affidavit confirms that its sole office is in Dade County and adds that it does not now, and never has had an office in Broward County. The Rubins did not attempt to refute Dolphin’s affidavit challenging their venue selection. See Majestic II Enters., Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979).
In Butler, the plaintiff’s complaint alleged that the injury was sustained in the waters of Monroe County. Yet, the plaintiff brought suit in Dade County. The defendant filed a motion to transfer venue to Monroe County and, in a sworn affidavit, affirmatively stated that it had no office in Dade County. Id. at 548-59. The Butler court determined that the defendant’s affidavit conclusively demonstrated that it did not have a Dade County office even though the plaintiff filed an affidavit in rebuttal. Id. at 549. However, the plaintiff’s affidavit in rebuttal “pointedly did not suggest the existence even of any ‘office’ at all in Dade County, much less one at which the corporation’s customary business was transacted.” Id. As a result, the Butler court reversed the trial court’s order denying the defendant’s motion to transfer venue.
Similarly, in the instant case, Dolphin presented evidence establishing that venue was improper in Broward County, and the Rubins failed to rebut Dolphin’s affidavit. Therefore, the Rubins did not met their burden of proving that their venue selection was proper. Consequently, venue did not lie in Broward County because (1) there was no property located in Broward County that is involved in this litigation; (2) Dolphin’s sole office for transacting business is not in Broward County; and (3) the alleged cause of action did not accrue in *666 Broward County. See Gulfstream Park Racing Ass’n, Inc. v. Cournoyer, 505 So.2d 629 (Fla. 3d DCA 1987). Instead, venue is proper in Dade County, which is the place where the cause of action accrued and where Dolphin maintains its sole place of business.
Accordingly, the order denying Dolphin’s motion to dismiss for improper venue is reversed, and the case is remanded to the trial court for further consideration consistent with this opinion.
REVERSED AND REMANDED.
LETTS, DELL and GUNTHER, JJ., concur.