PER CURIAM.
Goodyear Tire & Rubber Company and Waleen, Inc., appeal from a non-final order denying their motion to transfer venue from Dade County to Broward County. We reverse.
Arterly McCrone, a resident of Broward County, was injured in an accident that occurred in Broward County. McCrone filed a complaint in Dade County against seven corporate defendants, including Goodyear and Waleen. Goodyear and Waleen filed motions to transfer venue to Broward County. The lower court denied these motions. Goodyear and Waleen here make their consolidated appeal.
In actions against two or more defendants residing in different counties, venue may be brought in any county in which any defendant resides. § 47.021, Fla.Stat. (1993). However, section 47.051, Florida Statutes (1993), narrows the plaintiffs venue choice when it provides that actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. Here, six of the corporations, including Goodyear, are foreign corporations licensed to do business in Florida. These corporations may be sued, and venue may be located, in any one of Florida’s sixty-seven counties by virtue of their having an agent or representative located in those counties. Section 47.051 further provides that actions against domestic corporations shall be brought only in the county where such corporation has an office for transaction of ordinary business, or where the cause of action accrued, or where the property in litigation is located. In this case, Waleen is a Florida corporation located only in Broward County, and maintains its sole place of business in Broward County.
Considering the mandatory requirements of section 47.051, case law determines that where there are multiple defendants, the plaintiffs venue choice pursuant to section 47.021 cannot be used to defeat one defendant’s right to be sued in the county of his sole residence. Mankowitz v. Staub, 553 So.2d 1299 (Fla. 3d DCA 1989). Here, venue is appropriate only in the county in which Goodyear, Waleen, and the remaining corporate defendants mutually reside, that is, in Broward County. See Valjean Corp. Inc. v. Heininger, 559 So.2d 677 (Fla. 3d DCA 1990) (venue was appropriate only in the county in which defendant and co-defendant mutually resided). Only Broward County meets the mandatory requirements of section 47.051, because Waleen’s only place of business is in Broward, and the cause of action accrued only in Broward.
Although it appears there was no evidence presented in support of the motions to change venue, none was necessary as the plaintiff is bound by the. allegations of its complaint, which acknowledges Waleen’s sole residence in Broward County. See, e.g., Singer v. Krevoy, 457 So.2d 590 (Fla. 3d DCA 1984).
As it affirmatively appears from the record that the judge incorrectly refused to transfer venue pursuant to section 47.051, we reverse and remand with instructions to transfer venue from Dade County to Broward County.