COPE, Judge.
Aladdin Insurance Agency, Inc., appeals a non-final order denying its motion to transfer venue to Manatee County. We affirm.
In an earlier lawsuit, plaintiff-appellee Dennis W. Jones sued vehicle owner Jose Olvera for injuries sustained in an automobile accident in Dade County, Florida. Olvera had been insured by Allstate Insurance Company but the policy was cancelled prior to the accident. Olvera took the position that the cancellation was wrongful and demanded that Allstate defend the suit. When Allstate refused, Olvera entered into a settlement with plaintiff Jones, under which Jones received an agreed judgment and an assignment of Olvera’s rights.
Pursuant to the assignment of rights, plaintiff Jones filed the present lawsuit in Dade County against Allstate for breach of the insurance contract and bad faith refusal to defend or settle within policy limits. Plaintiff sued Aladdin, Olvera’s insurance agency, for breach of contract, breach of fiduciary duty, and negligent misrepresentation in miscalculating the amount of premium due. Plaintiff sued Olvera’s premium finance company, Premium Finance Corporation, claiming breach of contract and breach of fiduciary duty for its role in cancelling the insurance policy.
Aladdin moved to transfer venue, arguing that as a Florida corporation, it was entitled to be sued in Manatee County, where its office is located. See § 47.051, Fla. Stat. (1995). The motion was denied and this appeal followed.
As we view the matter, the dispositive question is whether the three defendants reside in different counties for purposes of section 47.021, Florida Statutes (1995). The statute provides:
47.021 Actions against defendants residing in different counties. — Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
In Enfinger v. Baxley, 96 So.2d 538 (Fla.1957), the Florida Supreme Court considered how to determine whether defendants reside in different counties for purposes of the predecessor to present section 47.021. In Enfinger the individual defendant resided in Polk County while the corporate defendant resided in both Polk and Duval counties. The court concluded that since both defendants had a common county of residence, Polk County, venue was proper only in Polk County. Id. at 540. The court reasoned that for purposes of what is now section 47.021, defendants do not reside “in different counties” if the defendants have a common county of residence. 96 So.2d at 540; Goodyear Tire & Rubber Co. v. McCrone, 655 So.2d 1319, 1320 (Fla. 3d DCA 1995); Levy County School Board v. Bowdoin, 607 So.2d 479, 481 (Fla. 1st DCA 1992); Valjean Corp. v. Heininger, 559 So.2d 677, 678 (Fla. 3d DCA 1990); Mankowitz v. Staub, 553 So.2d 1299 (Fla. 3d DCA 1989); Commercial Carrier Corp. v. Mercer, 226 So.2d 270, 271 (Fla. 2d DCA 1969).
The next question, therefore, is whether the three corporate defendants in the instant case have a common county of residence. They do not. Section 47.051, Florida Statutes (1995), provides:
47.051 Actions against corporations.— Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the *939 cause of action accrued, or where the property in litigation is located.
Insofar as corporate residence is concerned, section 47.051 distinguishes between Florida and foreign corporations. A Florida corporation resides where it has an office for the transaction of its customary business. Id.; Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548, 549-50 (Fla. 3d DCA 1979). A foreign corporation doing business in Florida resides where it has an agent or other representative. § 47.051, Fla. Stat.; Majestic II, Enterprises, Inc. v. Butler, 372 So.2d at 549.
Here, Aladdin is a Florida corporation with its office in Manatee County while Premium is a Florida corporation with its office in Leon County. Allstate is a foreign corporation with agents in numerous counties, including Leon, Manatee, and Dade.
There is no county of residence which is common to all three defendants. Under Enfinger, this means that section 47.021 becomes operative, and the plaintiff had the privilege of bringing suit in any county in which any defendant resides. Since Allstate resides in Dade County, venue is proper in Dade County.
Aladdin appears to suggest that because Premium does business in Manatee County, it must be deemed to reside in Manatee County. If Premium were found to reside in Manatee County, then Manatee would be the common residence of all three defendants. The problem, however, is that under section 47.051, a Florida corporation resides where it has an office for transaction of its customary business. “Doing business” is not the test. Deerfield Import — Export, Inc. v. Newton, 437 So.2d 175, 177 (Fla. 2d DCA 1983); see also Pearson v. Wallace Aviation, Inc., 400 So.2d 50, 51 (Fla. 5th DCA 1981); Majestic II, Enterprises, Inc. v. Butler, 372 So.2d at 549-50.
Aladdin also contends that, as a Florida corporation, it is entitled to be sued at its county of residence, regardless of the circumstances. For this proposition, Aladdin cites this court’s decision in Goodyear Tire & Rubber Co. v. McCrone, 655 So.2d at 1320. The holding of Goodyear was that venue was proper in the county where the defendants mutually resided, in that case, Broward County. Id. In that context, where the defendants had a county of common residence, the Goodyear court stated that “section 47.021 cannot be used to defeat one defendant’s right to be sued in the county of his sole residence.” Id. (citing Mankowitz v. Staub, 553 So.2d 1299 (Fla. 3d DCA 1989)). Mankowitz, in turn, is part of the line of cases originating in the Florida Supreme Court’s Enfinger case. Goodyear simply applied the Enfinger rule.
Where, as here, there is no common county of residence the plaintiff is allowed to make the venue selection. As the Florida Supreme Court has said, the plaintiff has “the right to make the final choice of the forum in which its suit will be tried as between ... defendants whose venue privileges ... do not fall within the same county.” Enfinger v. Baxley, 96 So.2d at 539; accord Reliable Electrical Distribution Co. v. Walter E. Heller and Co., 382 So.2d 1287, 1288 (Fla. 1st DCA 1980).
The trial court correctly ruled that because there is no county of common residence, Dade County is a permissible venue. In view of this holding, we need not reach plaintiff’s alternative argument that the causes of action accrued in Dade County.
Aladdin argues alternatively that the action should be transferred to Manatee County for the convenience of the parties under section 47.122, Florida Statutes (1995). After consideration of the showing made below we see no abuse of discretion in the trial court’s ruling.
Affirmed.
FLETCHER, J., concurs.