SCHWARTZ, Chief Judge
(dissenting).
I believe that the court has incorrectly resolved the difficult and apparently unique legal problem presented by this case. In sum, two of the three defendants, Allstate and the appellant Aladdin, have venue privileges in Manatee County; two, Allstate and Premium, “reside” in Leon County, and only one, Allstate, is subject to suit in Dade Coun *940 ty. While it is true, as the court says, that there is no single county of common residence under Enfinger v. Baxley, 96 So.2d 638 (Fla.1957), a case which involved only two defendants, it is also true that at least two of three present defendants do have two common “count[ies] of ... residence,” En-finger, 96 So.2d at 539, neither of which is Dade County. It seems to me both illogical and contrary to the thrust of section 47.021, Florida Statutes (1995), to permit the Dade County tail to wag the venue dog in this case and thus deprive both Aladdin and Premium of their respective rights to be sued “in the county of [its] sole residence.” Goodyear Tire & Rubber Co. v. McCrone, 655 So.2d 1319, 1320 (Fla. 3d DCA 1995). Because Premium has not invoked its privilege, there is no more reason to deny Aladdin its right to be sued at its sole place of business in Manatee County than to deny that two is more than one.