TAYLOR, J.
 

 The defendants, Florida Gamco, Inc., Frank Mirabella, Pamela McKinnon, and Charlie Price, appeal the trial court’s non-final order denying their motion to transfer venue from Broward County to Leon County. Because the defendants met their burden of proving that venue was improper in Broward and proper in Leon, and Plaintiff Gale Fontaine, individually and derivatively on behalf of Florida Gam-
 
 *926
 
 co, Inc., failed to meet her burden of establishing the propriety of Broward, we reverse and remand for an order transferring venue to Leon County.
 

 Fontaine, individually and on behalf of Florida Gamco, filed a verified complaint against Florida Gamco, Mirabella, McKin-non, and Price. Mirabella, McKinnon, and Price are Florida Gamco’s officers. Fon-taine alleged that: she is a Broward County resident; Florida Gamco is a Florida corporation with its principal address in Tallahassee; Mirabella is a Leon County resident; McKinnon is a Leon County resident; Price is a Leon County resident; and that “[v]enue is proper in Broward County, Florida as the place where SHAREHOLDER resides and where all relevant actions or omissions occurred.”
 

 Counts I and II of the complaint allege breaches of fiduciary duty to Fontaine and Florida Gamco, respectively, due to misappropriation of corporate funds, and assert that the officers breached their duty by: exploiting Florida Gamco’s finances for their own pecuniary gain; wasting corporate assets; failing to make distributions to shareholders; maladministration of Florida Gamco; breaching their duties as officers and board members; failing to disclose self-dealing; defaulting on the contract with DAV 18 by failing to timely remit payment for rent and other disbursements; distributing gift cards to individual officers; reimbursing officers’ travel and meal expenses unrelated to Florida Gamco; and participating in oppressive majority practices for their own personal benefit. Count III, slander, alleges that Mirabella made false and defamatory statements about Fontaine, and orally published these statements in October 2009 during phone conversations with James Barron and Daniel Cassiani. Count IV, libel, alleges that Mirabella made defamatory statements about Fontaine, and published these to a third party, including Denis Desmarais, through email on December 28, 2009.
 

 The defendants moved to dismiss the complaint, or in the alternative to transfer venue, requesting the court to transfer the case to Leon County. They asserted that all the defendants reside in Leon County, the alleged actions occurred in Leon County, and Florida Gamco’s principal place of business is Tallahassee. The defendants argued that Fontaine failed to specifically allege any facts supporting venue in Bro-ward as appropriate.
 

 The trial court held an evidentiary hearing on the motion to transfer venue. Frank Mirabella, president and CEO of Florida Gamco, testified to the following: that he resides in Tallahassee, along with Price and McKinnon; Florida Gamco was incorporated in Tallahassee, and its principal place of business is in Tallahassee, with no offices in Broward; Florida Gamco’s corporate and business records are maintained in Leon County, and decisions relating to Florida Gamco’s business are made in Leon County; the actions alleged in the complaint would have occurred in Leon County; the company, DAV 18, named in the breach of contract claim is located in Manatee County, not Broward; Mirabella, Baron, and Cassiani, who were parties to the alleged 2009 phone conversations were located in Leon County; any email to Des-marais would have been sent from Leon County.
 

 Other witnesses testified to contracts between Florida Gamco and their companies located in Broward County. Fontaine testified that Florida Gamco had no customers in Leon, but the offices were placed there because of Mirabella. Fon-taine testified that Florida Gamco’s customers (three commercial bingo halls and two arcades) are in Broward, and that not all of the witnesses for those fraternal
 
 *927
 
 organizations are in Broward; some are in Bradenton. On cross, Fontaine admitted that Florida Gamco was incorporated in Leon, its principal place of business is in Leon, Mirabella is a resident of Leon, McKinnon is a resident of Leon, Price is a resident of Leon, and Florida Gamco’s office is in Leon. When asked, “whatever it is you’re saying that they [meaning Mira-bella, Price, and McKinnon] did, when they did it they did it in Leon County, right?”, Fontaine said, “Yes, they did it in Leon County.” When asked, “And if you have an allegation in your complaint that Frank Mirabella, who has slandered you and libeled you, and if he did that, that would have been done while he was in Leon County, Florida?” Fontaine agreed. On further cross-examination, when asked if Gamco would have made payment to Fon-taine for the pull tabs, Fontaine admitted that those payments would have come from the Leon County office.
 

 Price testified that he resided in Tallahassee, Leon County, but owned several other properties around Florida, none of which are in Broward. He said that the Board of Directors meetings are generally held in Tallahassee, although one was held in Bradenton.
 

 McKinnon testified that she resides in Tallahassee, Leon County. She stated that there were no payments for pull tab sales to be made to Fontaine. Although denying the complaint’s allegations, McKinnon testified that if those alleged events occurred, they would have taken place in Leon County. Further, Florida Gamco’s only office is in Leon. On cross, McKinnon stated that there are no vendors or fraternal organization gaming halls that are customers in Leon.
 

 In sum, the defendants argued that all the defendants reside in Leon County; that any alleged actions or statements made would have occurred in Leon; that Florida Gamco had its office in Leon; that the business was conducted in Leon; and that the causes of action accrued in Leon. In defense of her venue choice, Fontaine referred to Mirabella’s testimony that Florida Gamco did business in Broward, that the events giving rise to the causes of action occurred in Broward, and that all of the witnesses to these breaches are in Broward. She argued that venue should remain in Broward.
 

 The court denied the motion, finding as follows:
 

 [T]he Court finds that the allegations based upon testimony that the Court heard, that breaches occurred in Bro-ward County and that the corporation was doing business in Broward County gives Broward County sufficient venue to hear this case, so the Court must respectfully deny....
 

 [[Image here]]
 

 Well, the factual findings, so it’s clear, are that there are sufficient allegations of doing business in Broward County, there’s sufficient allegations of breaches in Broward County. The Court does not have to reach the issue of forum non-convenience because you have witnesses in both the Ford Motor Company case that you showed me which I read. Certainly well-reasoned is that in that particular case the van was actually rented down here in Dade or Broward, the vehicle left from here, and Ford Motor Company clearly does business here in Broward, so I think that the judge made a wise decision in that particular case.
 

 For all those reasons, the Court respectfully denies your motion.
 

 The defendants appealed the denial of their motion to transfer venue from Bro-ward County to Leon.
 

 
 *928
 
 “ ‘[W]hen a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiffs venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum. In order to rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiffs venue selection is legally supportable. A trial court’s factual decisions in this context are reviewed to determine whether they are supported by competent, substantial evidence or whether they are clearly erroneous. The trial court’s legal conclusions are reviewed de novo.’ ”
 
 Am. Vehicle Ins. Co. v. Goheagan,
 
 35 So.3d 1001, 1002 (Fla. 4th DCA 2010) (quoting
 
 PricewaterhouseCoopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999)) (alteration in original).
 

 “The plaintiff has the prerogative ‘to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiffs selection will not be disturbed.’ ”
 
 Padin v. Travis,
 
 990 So.2d 1255, 1256 (Fla. 4th DCA 2008) (quoting
 
 Premier Cruise Lines, Ltd., Inc. v. Gavrilis,
 
 554 So.2d 659, 660 (Fla. 3d DCA 1990)). If the defendant contests the plaintiffs venue selection, the defendant has the burden to prove plaintiffs venue selection was improper.
 
 Id.
 
 (citing
 
 Pier Point Developers, LLC v. Whitelaw,
 
 912 So.2d 18, 19 (Fla. 4th DCA 2005)). Further, to establish this burden, this defendant must then show where proper venue is.
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat’l Bank of Melbourne & Trust Co.,
 
 238 So.2d 665, 667 (Fla. 4th DCA 1970). We explained that “ ‘once a defendant has challenged venue with an affidavit controverting a plaintiffs venue allegation, the burden is upon the plaintiff to prove that the selection of venue is proper.’ ”
 
 Miller v. Southland, Ins. Co., Inc.,
 
 513 So.2d 800, 801 (Fla. 4th DCA 1987) (quoting
 
 Tropicana Prods., Inc. v. Shirley,
 
 501 So.2d 1373, 1375 (Fla. 2d DCA 1987)). If the defendant makes the proper showing, the court should, if possible, transfer the case to the correct venue, pursuant to Florida Rule of Civil Procedure 1.060(b),
 
 [1]
 
 rather than dismiss it.
 
 Merrill Lynch,
 
 238 So.2d at 667 (citing
 
 Foy v. State Rd. Dep’t,
 
 166 So.2d 688 (Fla. 3d DCA 1964)).
 

 Section 47.011, Florida Statutes (2010), provides in pertinent part that “[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” With respect to a suit filed against a corporation, section 47.051, Florida Statutes (2010), provides in pertinent part that “[ajctions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” Here, it is undisputed that there is no property involved in the litigation, such that the question turns on whether the defendants reside in Broward or whether the causes of action accrued in Broward.
 

 Venue is proper where the defendants reside. § 47.011. Here, Mirabella, McKinnon, and Price were sued individually, such that venue would be proper where they reside. As the complaint alleged, and as the officers each testified, Mirabella, McKinnon, and Price reside in Tallahassee,
 
 *929
 
 Leon County. Thus, venue is proper in Leon County and improper in Broward.
 

 However, as to Florida Gamco, the trial court incorrectly found that venue was proper in Broward because Florida Gamco was doing business in Broward County. Section 47.051 provides, with regard to a domestic Florida corporation, that venue is proper “in the county where such corporation has, or usually keeps, an office for transaction of its customary business.” This section distinguishes between Florida and foreign corporations: “A Florida corporation resides where it has an office for the transaction of its customary business,” while “[a] foreign corporation doing business in Florida resides where it has an agent or other representative.”
 
 Aladdin Ins. Agency, Inc. v. Jones,
 
 687 So.2d 937, 939 (Fla. 3d DCA 1997) (citations omitted). Here, the trial court erred in finding that venue was proper because there are sufficient allegations of doing business in Broward County. A corporation in Florida “resides where it has an office for transaction of its customary business.
 
 ‘Doing business’ is not the test.” Id.
 
 (emphasis added) (citations omitted).
 
 See also U-Haul Co. of N. Fla., Inc. v. Fuller,
 
 417 So.2d 1102, 1103 (Fla. 4th DCA 1982) (“Doing business in a county or having an agent in a county, without more, is not a sufficient basis for venue in a suit against a domestic, as opposed to a foreign, corporation.”). Here, it was undisputed that Florida Gamco has its principal place of business in Leon County. The trial court’s finding that Florida Gamco conducted business in Broward, and, as such, any breaches occurred in Broward, was an improper basis for its ruling on venue. Under section 47.051, Leon is the only proper place for venue.
 

 The final inquiry is whether any causes of actions accrued in Broward to support venue. Fontaine, as the plaintiff, had the prerogative to select venue. The burden then shifted to the defendants to establish that venue was improper in Bro-ward and proper in Leon. If they met this burden, the burden then shifted back to Fontaine to establish that venue was indeed proper in Broward.
 

 If the plaintiff alleges several causes of action, venue is appropriate “ ‘in any county where any of the causes of action arose.’ ”
 
 McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.,
 
 39 So.3d 504, 510 (Fla. 4th DCA 2010) (quoting § 47.041, Fla. Stat.). Fontaine alleged Counts I and II, breach of fiduciary duty to Fontaine and Florida Gamco, respectively; Count III, slander by Mira-bella; and Count IV, libel by Mirabella.
 

 The breach of fiduciary claims contained in Counts I and II are detailed above. Fontaine made a blanket and vague assertion in the complaint that “[v]enue is proper in Broward County, Florida as the place where SHAREHOLDER resides and where all relevant actions or omissions occurred.” Because breach of fiduciary duty claims sound in tort law, venue is proper in Leon County, not Broward; Fontaine failed to rebut this.
 
 See Moscowitz v. Oldham,
 
 48 So.3d 136, 138 (Fla. 5th DCA 2010) (applying venue rule for tort to both a legal malpractice claim and a claim for breach of fiduciary duty).
 

 “[A] tort claim accrues for venue purposes ‘where the last event necessary to make the defendant liable for the tort took place,’ or where the harmful effect of the defendant’s acts
 
 first
 
 took effect. Stated another way, a tort accrues where the plaintiff first suffers injury.”
 
 Weinberg v. Weinberg,
 
 936 So.2d 707, 709 (Fla. 4th DCA 2006) (citations omitted). Therefore, “a cause of action for tortious conduct accrues at ‘the moment the wrong and the injury both accrue.’ ”
 
 McDaniel
 
 
 *930
 

 Reserve,
 
 39 So.3d at 509 (quoting
 
 PricewaterhouseCoopers,
 
 761 So.2d at 1134). Despite “that the plaintiff may suffer subsequent damages, even its greatest damage, in another county, the tort accrues with the first compensable damage.”
 
 PricewaterhouseCoopers,
 
 761 So.2d at 1134.
 

 The defendants testified that Florida Gamco had only one office, located in Tallahassee. Mirabella testified that Florida Gamco had no offices in Broward. Mira-bella further testified that all decisions relating to Florida Gamco are made in Tallahassee and that all of the alleged wrongdoing would have occurred in Tallahassee, in Leon County. Any of the aforementioned actions would have manifested in the Florida Gamco office in Leon, and the injury to plaintiff would have occurred in Leon County. Therefore, the defendants met their burden of proving that venue was improper in Broward and proper in Leon.
 

 Fontaine failed to meet her burden to show Broward was the proper venue for the breach of fiduciary duty counts when it shifted back to her. During her testimony, she conceded that any misconduct allegedly committed by Mirabella, Price, and McKinnon occurred in Leon County.
 

 A “ ‘ “cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act it has agreed to do.’””
 
 Goheagan,
 
 35 So.3d at 1003 (quoting
 
 Koslow v. Sanders,
 
 4 So.3d 37, 38 (Fla. 2d DCA 2009)). Specifically regarding the allegations of the breach of contract with DAV 18, Mirabella testified that DAV 18 is located in Manatee County, not Broward. If there was a default on the contract, it would have either accrued in Leon County, where Florida Gamco resided, or in Manatee County, where DAV 18 resided. Therefore, as to Counts I and II, the defendants met their burden of establishing that venue was only proper in Leon County; Fontaine failed to rebut this.
 

 As to Count III, slander, and Count IV, libel, these causes of action would have accrued “at the time of the first publication.” § 770.07, Fla. Stat. (2010). Mirabella testified that the phone conversations and email originated from Leon County, shifting the burden to Fon-taine. Fontaine agreed in her testimony that the libel and slander counts accrued in Leon County, failing to meet her burden that venue was proper in Broward. As such, these counts accrued in Leon County, and venue is only proper there.
 

 Because the defendants established that venue was proper in Leon County, and Fontaine failed to rebut this by proving the propriety of venue in Broward, the trial court erred in denying the motion to transfer venue. Accordingly, we reverse and remand for an order consistent with this opinion.
 

 Reversed and Remanded.
 

 HAZOURI and CONNER, JJ., concur.
 

 [1]
 

 . Florida Rule of Civil Procedure 1.060(b) (2010) provides that if an action is filed laying venue in the wrong county, the court may transfer it to the proper county in accordance with the venue statutes.