WELLS, Judge.
Sunshine State Insurance Company appeals from an order denying its motion to transfer venue from Miami-Dade County to Palm Beach County where the property at issue is located. Because Sunshine State met its burden of proving that venue is improper in Miami-Dade County and proper in Palm Beach County and the appellees/homeowners, Patricia Munoz-Upton and Rick Fox-Upton failed to demonstrate that venue is proper in Miami-Dade County, we reverse. See Fla. Gam-co, Inc. v. Fontaine, 68 So.3d 923, 928 (Fla. 4th DCA 2011).
This action was brought in Miami-Dade County by the Uptons to recover under an insurance policy issued by Sunshine State for damage to their home. The Uptons’ home is located in Palm Beach County. In their unverified complaint, the Uptons represented that Sunshine State “does business in the entire state of Florida” and “maintains its administrative offices, home office, mailing address, office of policy holder relations and the location of its records in Miami-Dade County.” Sunshine State moved to transfer venue claiming that these allegations were false and supported its motion with the affidavit of its Assistant Vice President of Property Claims who attested that “[as of the dates relevant here] ... its only office [for the transaction of business] is in Jacksonville, Duval County, Florida.” Sunshine argued that although venue was not proper in Miami-Dade ' County, it was proper in Palm Beach County, the location of the Uptons’ home. The Uptons countered with an unsworn memorandum of law in which they argued that venue was proper in Miami-Dade County “because Defendant promotes and sells policies through offices in Miami-Dade County.”
The motion was denied. We reverse because although the Uptons had the prerogative of selecting the venue in which to bring their suit, that selection does not fall within one of the alternatives provided by section 47.051 of the Florida Statutes, see Fla. Gamco, Inc., 68 So.3d at 928. Section 47.051, governing venue in actions against corporations, provides that a domestic corporation such as Sunshine State may be sued in “only” one of three places: where it has an office for the transaction of its customary business, where the cause of action accrued, or where the property at issue is located:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
(Emphasis added).
The unrebutted record in this case is that although insurance agents statewide write Sunshine State policies, Sun'shine State itself keeps an office for the transaction of its customary business only in Duval, and not in Miami-Dade County. As this court confirmed in Rodin v. AutoTrain Corp., 377 So.2d 810, 811 (Fla. 3d DCA 1979), this method of conducting *824 business through an agent does not make venue proper in an action against a domestic corporation wherever such agents are located because “the statutory provisions concerning an agent apply to foreign corporations only.” As our sister court in Florida Gamco, Inc., 68 So.3d at 929, more recently stated:
Section 47.051 provides, with regard to a domestic Florida corporation, that venue is proper “in the county where such corporation has, or usually keeps, an office for transaction of its customary business.” This section distinguishes between Florida and foreign corporations: “A Florida corporation resides where it has an office for the transaction of its customary business,” while “[a] foreign corporation doing business in Florida resides where it has an agent or other representative.” Aladdin Ins. Agency, Inc. v. Jones, 687 So.2d 937, 939 (Fla. 3d DCA 1997) (citations omitted).
See also § 47.051, Fla. Stat. (2013) (“Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.”). Thus for domestic corporations such as Sunshine State, doing business, that is, issuing policies to Miami-Dade homeowners, is not the test. See Fla. Gamco, Inc., 68 So.3d at 929 (confirming that a corporation in Florida “resides where it has an office for transaction of its customary business. ‘Doing business’ is not the test.”) (quoting Aladdin Ins. Agency, Inc., 687 So.2d at 939); Deerfield Import-Export, Inc. v. Newton, 437 So.2d 175, 177 (Fla. 2d DCA 1983) (“Doing business in a county or having an agent in a county, without more, is not a sufficient basis for venue in a suit against a domestic corporation.”). The appropriate test is whether venue has been lodged in the county where the domestic corporation has an office for transaction of its customary business, here, Duval County. Alternatively, venue may be proper where the cause of action accrued or where the property at issue is located, here, Palm Beach County.
Because venue is improper in Miami-Dade County but proper in Palm Beach County as Sunshine State suggests, we reverse the order on appeal and remand for an appropriate order transferring venue.
Reversed and remanded with instructions.