DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FIRST CHURCH OF THE NAZARENE OF GAINESVILLE, FLORIDA, INC.,** and **FLORIDA DISTRICT CHURCH OF THE NAZARENE, INC.,**
Appellants,

v.

**SITE CONCEPTS, INC.,**
Appellee.

No. 4D18-2846

[February 27, 2019]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 18-639-CA.

E. Blake Paul and Nicholas L. Sellars of Peterson & Myers, P.A., Lakeland, for appellants.

Tim B. Wright of Wright, Ponsoldt & Lozeau Trial Attorneys, L.L.P., Stuart, for appellee.

PER CURIAM.

We reverse an order denying a motion to dismiss or transfer venue.

Appellants are two churches. One is located in Alachua County; the other is in Polk County. The lawsuit below involves a cell phone tower located on church property in Alachua County. Appellee, Site Concepts, Inc. ("SCI"), is located in Martin County. SCI entered into a management agreement with the Alachua church to provide various services regarding the cell phone tower.

SCI filed a four-count complaint in Martin County setting forth breach of contract and implied contract claims against the Alachua church and two tortious interference counts against the Polk church. One of the claims of breach was that the Alachua church failed to cooperate in renegotiating a lease with Verizon by rejecting Verizon's offer to extend the term of the lease. The churches moved to dismiss or transfer the case for improper venue. SCI argued that venue was proper in Martin County

because it was entitled to liquidated damages payable in Martin County. The circuit court denied the motion.

A plaintiff may select the venue and that selection will not be disturbed as long as the selection is one of the alternatives in the venue statute. *Florida Gamco, Inc. v. Fontaine*, 68 So. 3d 923, 928 (Fla. 4th DCA 2011). A defendant contesting a plaintiff's facially proper venue selection has the burden of proving the selection is improper and must establish where venue actually lies. *Id.* Once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden shifts to the plaintiff to prove the venue selection is proper. *Id.*

> When a complaint alleges a breach of contract for failing to pay money due and the contract does not specify where payment is to be made, the place of payment rule provides for venue in the county where the creditor resides. However, the place of payment rule does not apply when the damages sought in the breach of contract action are unliquidated. Damages are unliquidated if the complaint does not seek recovery of a specific sum and the damages must instead be determined through the presentation of evidence.

*Patterson v. Teague Fin. Group, Inc.*, 135 So. 3d 573, 574 (Fla. 2d DCA 2014) (internal citations omitted). It is well-settled that

> [d]amages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. . . . [D]amages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.

*Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662-63 (Fla. 5th DCA 1983) (internal citations omitted); *see also Bodygear Activewear, Inc. v. Counter Intelligence Servs.*, 946 So. 2d 1148 (Fla. 4th DCA 2006).

The damages sought by the complaint are mostly unliquidated. We note that the written management agreement does not provide for payments to be made to SCI in Martin County; rather, it calls for SCI to collect monies, deduct a 10% fee, and to remit payment to the Alachua church. Under the complaint, the exact amount to which SCI is entitled, if any, cannot be determined from the pleadings, but requires the taking

of evidence.  The damages suffered from the church's refusal to cooperate in renewing the Verizon lease, and the value of any services provided by SCI under the implied contract claim, are not fixed amounts that leap out from the face of the complaint.  Like most tort claims, the intentional interference claims do not involve liquidated amounts.

Because the damages are unliquidated, the place of payment rule does not apply, and venue was improper in Martin County.  We reverse the order of the circuit court and remand with directions to transfer venue to Alachua County.  *See* § 47.011, Fla. Stat. (2018) (stating that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."); *Morales Sand & Soil, L.L.C. v. Kendall Props. & Invs.*, 923 So. 2d 1229, 1232 (Fla. 4th DCA 2006); *Magic Wok Int'l, Inc. v. Li,* 706 So. 2d 372, 374 (Fla. 5th DCA 1998).

GROSS, LEVINE and FORST, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***