484 So.2d 1370 (1986)
H. Allan TUCKER, Appellant,
v.
Chantal FIANSON, Appellee.
No. 85-2474.
District Court of Appeal of Florida, Third District.
March 18, 1986.
Bunnell, Denman & Woulfe and Melanie G. May and David Keller, Fort Lauderdale, for appellant.
Krongold & Bass and Paul Bass, Coral Gables, for appellee.
*1371 Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The defendant-appellant Tucker is an attorney who practices and resides in Broward County. Based on allegations that he had rendered negligent professional advice and services with respect to the condominium conversion of a building in Dade County owned by his client, Chantal Fianson, she sued him for legal malpractice in the Dade County Circuit Court. He now appeals from the denial of his motion to transfer the case to Broward County, asserted on the ground that the alleged negligence took place there.
On the ground that the cause of action "accrued" under section 47.011, Florida Statutes (1985)[1] in Dade County, where the defendant's asserted negligence impacted upon the plaintiff's economic interests, we affirm the order below. In so holding, we adopt and apply the rule that, for venue purposes,[2] a tort claim is deemed to have accrued
where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant's negligence, first took effect on the body or the property of the plaintiff. Thus, a claim for tort arose where the harmful force first took effect, or where the plaintiff suffered injury.
Ebell v. Seapac Fisheries, Inc., 692 P.2d 956, 957 (Alaska 1984). In our judgment, this statement of the rule is consistent with and harmonizes the actual holdings of the Florida cases which have dealt with this issue. Thus, as to the inter-county situation in which, as here, a tortfeasor has committed a wrongful act in one place which has taken effect by causing damage in another, it was flatly stated in Pearson v. Wallace Aviation, Inc., 400 So.2d 50, 51 (Fla. 5th DCA 1981), that
[i]n negligence suits, the rule is well established that a cause of action accrues where the plaintiff suffers his or her injuries; normally the site of the accident. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967); Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979); Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Kelly-Springfield Tire Co. v. Moore, 355 So.2d 451 (Fla. 3d DCA 1978); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978); Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975). [emphasis original]
Similarly, although the court in Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975), cited by the appellee, may have expressed the broad doctrine in somewhat different terms,[3] the precise determination *1372 was that the malpractice-wrongful death action accrued where the defendant negligently treated the decedent  where, in other words, the negligence first took effect upon her body  even though she died in another county. Moreover, contrary to the defendant's assertion, the rule is not confined to personal injury or property damage cases; it applies equally to those which involve economic or intangible losses alone. E.g., Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984) (trademark infringement); E.J. Sales & Service, Inc. v. Southeast First National Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982) (conversion); see also Firstamerica Development Corp. v. Daytona Beach News-Journal Corp., 196 So.2d 97 (Fla. 1966) (libel action accrues under prior venue statute in each county newspaper circulates, even though it is published elsewhere.)
Even more specifically, the Ebell decision, the language of which we have appropriated as a correct expression of the general rule, involved a factual-legal situation identical to the instant case. There, a lawyer negligently gave advice in one district which resulted in the seizure of his client's vessels in another. The Alaska court held, as do we, that venue in the ensuing legal malpractice action was properly laid in the latter district where the economic damage had been done. Accord Johnson v. Nelson, 275 N.W.2d 427 (Iowa 1979).
In sum, it is claimed that, while lawyer Tucker negligently shot his arrow into the air of Broward County, it did no harm and had no effect until it fell to earth in Dade. It is therefore here that he must answer for his asserted error.[4]
Affirmed.
NOTES
[1] This section, which controls the present issue, provides:

Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.
Since the defendant resides in Broward County and no property is "in litigation" within the meaning of the statute, Coon v. Abner, 246 So.2d 143 (Fla. 1971), venue may be sustained in Dade County only if, as we hold, the cause of action "accrued" here. In this connection, we agree with the defendant that for present purposes  although not in considering the separate question of whether a transfer for convenience under § 47.122 is appropriate, see Hu v. Crockett, 426 So.2d 1275, 1279 (Fla. 1st DCA 1983)  it is irrelevant that the plaintiff resides in Dade County.
[2] The test may or may not be different in the statute of limitations, see Meehan v. Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985), or the conflicts of law context. See State Farm Mutual Automobile Insurance Co. v. Olsen, 406 So.2d 1109 (Fla. 1981); Ebell v. Seapac Fisheries, Inc., 692 P.2d 956 (Alaska 1984).
[3] The language cited by the defendant in support of his contention that the county in which the negligence takes place controls, is as follows:

In determining the proper forum in which to bring suit under the general statute fixing venue where the cause of action "arose," or "accrued," the "injury occurred," et cetera, the differences are often of importance, but generally within the meaning of statutes of this kind, a cause of action is said to arise at the place where the act creating the right to bring an action occurred, and when a tort is complete in a particular county, the cause of action is deemed to have accrued there so as to fix venue, notwithstanding that the plaintiff may have suffered damages, and even his greatest damage, in another county. 56 Am. Jur., Venue, § 34 (1947). [e.o.]
Gaboury, 316 So.2d at 644. In itself, this statement does not resolve the issue of where the "act" which created the right to bring an action may have occurred in any particular case. Thus, even under this formulation, it is clear that the critical "act" is often not the wrongful conduct of the defendant, but its adverse impact upon the plaintiff. See Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984) (citing Gaboury; venue for breach of settlement agreement by wrongful use of trademark proper in Broward County where trademark used, even though breach of agreement not to release trademark occurred in Dade County); see also E.J. Sales & Service, Inc. v. Southeast First National Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982) (quoting Gaboury; conversion action accrues in county to which, rather than from which, money is wrongfully transferred).
[4] We are unimpressed with the parade of horribles invoked by the appellant as to the consequences of a rule under which a tortfeasor may be required to defend an action for consequences his conduct has caused in an unanticipated area far from his home. Any such complaint may be remedied, if justified, under § 47.122. See supra note 1; Ebell, 652 P.2d at 958-59.