547 So.2d 314 (1989)
AIR SOUTH, INC., Appellant,
v.
Leo A. SPAZIANO, and Christina Spaziano, His Wife, Appellees.
No. 89-0453.
District Court of Appeal of Florida, Fourth District.
August 9, 1989.
Dennis J. Murphy and Linda Ann Singer of Thornton, David & Murray, P.A., Miami for appellant.
David T. Price of Price and Byrne, Fort Lauderdale, for appellees.
GARRETT, Judge.
This is an appeal of the trial court's denial of appellant's motion to dismiss or transfer for improper venue.
Appellees hired appellant to fly them from Fort Lauderdale to Mangrove Cay in the Bahamas. The agreement was signed in Fort Lauderdale. Bad weather forced a landing on Bimini. When the landing gear failed, the plane crashed injuring appellees.
Appellees filed their complaint for breach of contract and negligence in 1988 in Broward County alleging that at all times appellant "was a Florida corporation doing business in Broward County." In support of appellant's motion attacking venue, its president's affidavit stated that on the filing date of the complaint appellant only maintained offices in Dade County. Appellees' affidavit in opposition stated appellant maintained Broward County offices in 1984. Without explanation, the trial judge denied the motion. This appeal followed.
We reverse.
Section 47.051, Florida Statutes (1987) states:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually *315 keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
It is a plaintiff's prerogative to select venue, but the selection must be one of the alternatives provided by the statute. No property is involved sub judice so the plaintiff only has two alternatives (1) the county where the business maintains its office or (2) the county where the contract was breached or the accident took place. It is up to the defendant to plead and prove that the venue selected by the plaintiff is improper. Once the defendant challenges venue with an affidavit controverting the plaintiff's venue allegations, the burden shifts to the plaintiff to prove it selected the proper venue. Miller v. Southland Insurance Co., 513 So.2d 800, 801 (Fla. 4th DCA 1987).
Venue is determined by the facts at the time a lawsuit is filed. Valle v. Mador, 478 So.2d 416 (Fla. 3d DCA 1985). The dispositive date is 1988 when the complaint was filed not 1984 when the crash landing occurred. During 1988 appellant did not maintain an office in Broward County.
Venue for a breach of contract claim accrues in the county where the breach occurs. Carter Realty Co. v. Roper Brothers Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985). Although appellees allege the contract breach took place in Broward County when appellant failed to furnish a safe plane and skilled pilot, the breach of contract claim accrued when the plane crashed. See Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984); cf. Tucker v. Fianson, 484 So.2d 1370 n. 3 (Fla. 3d DCA 1986).
Venue for a negligence claim accrues in the county where the accident occurs. Gulfstream Park Racing Ass'n., Inc. v. Cournoyer, 505 So.2d 629 (Fla. 3d DCA 1987). The landing accident occurred on Bimini.
The standard in reviewing a trial court's ruling on a motion to transfer for improper venue is abuse of discretion. Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069, 1073 (Fla. 1st DCA 1988). We find such abuse since there is no statutory basis for venue in Broward County.
Accordingly, we reverse the order denying the transfer for improper venue and remand with directions to enter an order transferring the case to Dade County for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS and WARNER, JJ., concur.