557 So.2d 912 (1990)
Irwin J. WEINER and Druck, Hicks and Weiner, a Florida General Partnership, Appellants,
v.
PRUDENTIAL MORTGAGE INVESTORS, INC., a Florida Corporation, Appellee.
No. 89-2277.
District Court of Appeal of Florida, Third District.
March 6, 1990.
*913 George, Hartz & Lundeen, and Esther E. Galicia, Coral Gables, for appellants.
John T. Longino and Gary Pollack, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The appellants are attorneys who reside and practice in Marion County. They were sued in Dade County by the appellee, which does business here, for breach of contract and legal malpractice in failing, as they had promised, to file a foreclosure action and otherwise to protect the plaintiff's interest in real estate located in Alachua County. The defendants appeal from the denial of their motion to transfer the case on the ground that the Dade County venue was improper. We reverse.
Since none of the defendants are residents of Dade County, the action may be maintained here only if one or more of the causes of action sued upon accrued in this county. See Tucker v. Fianson, 484 So.2d 1370 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla. 1986); § 47.011, Fla. Stat. (1989) (action may be brought in county "where defendant resides [or] where the cause of action accrued ..."). That is not the case. The breach of contract action based upon the failure of the attorneys to provide legal services as they had agreed arose where those services were to be performed;[1] that is, where the foreclosure action was to have been filed in Alachua County. See Ivey v. Padgett, 502 So.2d 22 (Fla. 5th DCA 1986) (negligence action against Putman County lawyers accrued in Volusia County where medical malpractice defendants resided and should have been sued). The legal malpractice claim similarly accrued in Alachua County, where the defendants' alleged negligence had its impact and caused damage to the plaintiff's property located there. Tucker, 484 So.2d at 1370.
Accordingly, the order under review is reversed with directions to transfer the action, at the plaintiff's option, either to Marion or Alachua County.
NOTES
[1] The appellee attempts to construct a claim based on the alleged breach of a contract to correctly inform it of the progress of the Alachua County case, which it claims arose where it received false communications to that effect in Dade County. This breach of contract is, however, entirely chimerical and may be entirely disregarded for venue purposes. See Davidson v. Green, 367 So.2d 1032, 1036 (Fla. 1st DCA 1979). No damages could have even been claimed for breach of this undertaking; instead the entire gravamen of the action was not that the defendants had not informed the plaintiff of what they were doing, but that they had not, in fact, done what they were required by contract and professional due care to do.