619 So.2d 330 (1993)
R. Keith WILLIAMS, Appellant,
v.
Glen R. GOLDSMITH; Michael Palahach, P.A., a Florida Professional Association; and Charles R. Stack, P.A., a Florida Professional Association, D/B/a High, Stack, Lazenby, Palahach, Maxwell and Morgan, Appellees.
No. 92-1709.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Rehearing Denied June 29, 1993.
*331 Cooper & Wolfe, Sharon L. Wolfe, and Linda G. Katsin, Miami, for appellant.
High, Stack, Lazenby, Palahach, Goldsmith & Del Amo, Charles Stack, Coral Gables, and James M. Adams, Jr., Miami, for appellees.
Before BARKDULL, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, R. Keith Williams, appeals from an order denying his motion for change of venue. We reverse.
Appellant was a partner in the Melbourne, Brevard County, office of the appellees' law firm, High, Stack, Lazenby, Palahach, Maxwell and Morgan (the firm). The firm also had an office in Coral Gables. Appellant left the firm and took many of the firm's clients with him.
The firm sued appellant for: 1) breach of their partnership agreement; 2) tortious interference with contract; 3) breach of management responsibilities; and 4) malpractice in Dade County. The thrust of the complaint was that appellant breached the partnership agreement by prompting many of the Melbourne clients of the firm to breach their contracts with the firm and retain him independently. The tortious interference with contract claim alleged that appellant intentionally induced clients to break their contracts with the firm and substitute appellant as their attorney.
The complaint further alleged that appellant breached his management responsibilities by mismanaging the employees in the Melbourne office. As a result, certain key employees in the Melbourne office were discharged. The malpractice claim alleged that as a result of the solicitation efforts on appellant's part, other files belonging to the firm suffered "complete neglect to the point that there now appear to be claims for professional malpractice likely to be made against the law firm ..."
In an amended complaint, the firm alleged that appellant misrepresented to another law firm that he had worked out an agreement that he, rather than the appellee, was entitled to a referral fee in a personal injury case.
Appellant moved to abate and transfer the lawsuit to Brevard County. The trial court denied the motion.
Section 47.011, Florida Statutes (1989) provides:

*332 Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
It is undisputed that appellant resides in Brevard County. Furthermore, the instant litigation does not involve property. Thus, venue could be proper in Dade County only if that is where any one of the causes of action arose. Spector v. Old Town Key West Development, Ltd., 567 So.2d 1017, 1019 (Fla.3d DCA 1990), review denied, 577 So.2d 1327 (Fla. 1991).
For venue purposes, a cause of action for breach of contract accrues in the county where the breach occurs. Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984); Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981).
In this case, the partnership agreement between appellant and the firm was a contract for performance and not for the payment of money due. Windsor, 399 So.2d at 66; see, M.A. Kite Company v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla. 1st DCA 1961). The contract did not create a debtor-creditor relationship. Precision Software, Inc., v. Gauthier, 605 So.2d 592 (Fla. 2d DCA 1992); Earl W. Shomber & Co., Inc., v. Florida Casino Associates, Inc., 469 So.2d 936 (Fla.3d DCA 1985). Consequently, the special venue rules pertaining to suits to enforce payment on a debt are inapplicable here. Id. at 937.
In this case, the alleged breach occurred in Melbourne when appellant left the firm and wooed clients away from the firm. Accordingly, the proper venue for this cause of action was in Brevard County.
For venue purposes, a tort claim "is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place." Tucker v. Fianson, 484 So.2d 1370 (Fla.3d DCA) review denied, 494 So.2d 1153 (Fla. 1986). In other words, a tort accrues where the plaintiff first suffers injury.
Applying the Tucker analysis to the facts of this case, we conclude that the injuries or damages first occurred in Brevard County. In the tortious interference with contract claim, the last event necessary to make appellant liable was luring the firm's clients away in Brevard County. Hence, the injury was the loss of the clients.[1]
The last event necessary to make the appellant liable for the breach of management responsibilities count was that he mismanaged the employees in Brevard County. Consequently, this cause of action also accrued there.
As alleged in the complaint, the malpractice claim is totally speculative as no clients have filed any malpractice claims yet. In any event, venue in a malpractice action lies where the economic damage was done to the client. Tucker, 484 So.2d at 1371; see also, Weiner v. Prudential Mortgage Investors, Inc., 557 So.2d 912 (Fla.3d DCA 1990) (legal malpractice claim accrued where attorney's alleged negligence had its impact and caused damage to plaintiff's property).
Finally, the last event necessary to make appellant liable for misrepresentation, fraud and civil theft in connection with the referral fee, took place in Brevard County. See Greene v. A.G.B.B. Hotels, Inc., 505 So.2d 666 (Fla. 5th DCA 1987). Thus, all of the causes of action accrued in Brevard County.
Accordingly, we reverse the trial court's order denying the motion to transfer venue. We need not reach appellant's other points presented on review.
Reversed and remanded.
NOTES
[1] As a direct consequence of the loss of clients, the firm lost fees. However, the initial injury occurred when the appellant lured the clients away.