695 So.2d 924 (1997)
Daniel I. WINCOR, Appellant,
v.
CEDARS HEALTHCARE GROUP, LTD., d/b/a Cedars Medical Center, Appellee.
No. 96-3761.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Thomas R. Schwarz, Lauderhill, for appellant.
R. Wade Adams of Law Offices of Adams & Adams, Miami, for appellee.
PARIENTE, Judge.
The sole issue we address in this non-final appeal by appellant, Daniel Wincor (plaintiff), is the propriety of the trial court's order transferring venue of a tort action filed against appellee Cedars HealthCare Group, Ltd., d/b/a Cedars Medical Center (Cedars) from Broward County Circuit Court to Dade County Circuit Court. We reverse because plaintiff's initial selection of venue in Broward County was not improper.
Cedars filed a motion to dismiss the amended complaint alleging, inter alia,[1] improper *925 venue pursuant to sections 47.011 and 47.051, Florida Statutes (1993), because its principal place of business was in Dade County and the lawsuit was based on acts and omissions occurring only in Dade County. Plaintiff countered that although the acts and omissions by Cedars occurred in Dade County, plaintiff suffered his injuries in Broward County. The trial court, finding venue improper in Broward County, transferred the case to Dade County.
Section 47.011 provides that actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section, which applies only to Florida residents, applies here because Cedars is a Florida limited partnership.
The plaintiff has the prerogative to select venue so long as the selection is one of the statutory alternatives. Air S., Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). To change venue based on section 47.011, the defendant must plead and prove that the venue selected by the plaintiff is improper. Id.
To show that venue was proper in Broward County, plaintiff relies on the provision in section 47.011 that an action may be brought in the county where the cause of action accrued. While acknowledging that the alleged negligent acts or omissions occurred in Dade County, plaintiff argues that his cause of action accrued when he suffered injury in Broward County.
In Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986), the third district held that for venue purposes, a tort claim accrues
where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant's negligence, first took effect on the body or the property of the plaintiff. Thus, a claim for tort arose where the harmful force first took effect, or where the plaintiff suffered injury.
(Citation omitted).
"In other words, a tort accrues where the plaintiff first suffers injury." Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA), review denied, 629 So.2d 133 (Fla.1993)(tortious interference with contract claim accrued where plaintiff suffered injury by loss of clients); see also Walt Disney World Co. v. Leff, 323 So.2d 602, 602 (Fla. 4th DCA 1975) (personal injury action accrued where injury occurred); Weiner v. Prudential Mortgage Investors, Inc., 557 So.2d 912 (Fla. 3d DCA 1990) (legal malpractice claim accrued where attorney's alleged negligence caused damage to plaintiff's property); Tucker, 484 So.2d at 1371 (legal malpractice action accrued where asserted negligence impacted upon plaintiff's economic interests); Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981) (personal injury action accrued where injury occurred). Accordingly, venue in the county where the plaintiff first suffers injury is proper even where the defendant's negligent conduct occurs in another county.
Cedars relies on Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975), to support its position. In Gaboury, a wrongful death action, the decedent was negligently treated in St. Johns County and died the next day in Orange County. Our court approved a transfer from Orange County to St. Johns County based on defendants' motion to dismiss the complaint for improper venue and convenience of the parties. Id. As pointed out by the third district, Gaboury is consistent with the rule later enunciated in Tucker because in Gaboury, the action accrued "where the defendant negligently treated the decedentwhere, in other words, the negligence first took effect upon her bodyeven though she died in another county." Tucker, 484 So.2d at 1372. In other words, the decedent in Gaboury must have first suffered injury in St. Johns County, *926 where she had been negligently treated, before dying in Orange County. Therefore, the cause of action, which was brought by decedent's estate for her wrongful death, accrued in St. Johns County.
Here, plaintiff's cause of action is not for his mother's wrongful death, but for an independent tort which he claims caused him injury. Because Cedars does not controvert plaintiff's allegation that his injuries, if any, all occurred in Broward County, we cannot state on this record that the cause of action did not accrue in Broward County. See Spaziano, 547 So.2d at 315. We thus find that the trial court erred in finding that plaintiff's venue selection was improper pursuant to section 47.011.
We emphasize that Cedars did not seek, and the trial court did not order, a transfer based on section 47.122. Section 47.122 authorizes a change of venue to any court where the action might have been brought "[f]or the convenience of the parties or witnesses or in the interest of justice." See Tucker, 484 So.2d at 1372 n. 4.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] The trial court did not reach the other grounds raised in the motion to dismiss, including whether the amended complaint states a cause of action, because it first addressed the venue issue and determined that venue was improper in Broward County. We have serious questions about whether the amended complaint states a cause of action for negligent infliction of emotional distress. For purposes of this appeal, which is limited to the issue of venue, we have assumed that a cause of action has been stated.