741 So.2d 567 (1999)
Sherman CARR, Appellant,
v.
J. Michael STETSON, individually and as general partner of Lake Wales Golf Estates, Ltd., and J. Perry KNIGHT, individually and as general partner of Lake Wales Golf Estates, Ltd., Appellees.
No. 98-4249.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
Rehearing Denied October 18, 1999.
Sherman Carr, Ft. Lauderdale, pro se.
R. Marshall Rainey and Chad S. Bowen of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for appellees.
PER CURIAM.
Appellant challenges the dismissal of his complaint without prejudice for improper venue. We find that the trial court correctly determined that venue for this action is not proper in Broward County. However, we conclude that the trial court erred in dismissing the complaint rather than transferring it to either Martin or Polk County, where venue does lie under section 47.011, Florida Statutes.
*568 Appellant, plaintiff below, represents himself both in this appeal and in the underlying suit. He is a limited partner in the partnership that is the subject of this action. His complaint was filed in Broward Circuit Court on September 10, 1998. The underlying allegation is that the 20 year term of partnership ended under the provisions of the partnership agreement in 1993 and that the general partners not only failed to wind down the partnership business at the expiration of the term, but also committed ultra vires acts relating to the continued management and development of the partnership asset.
The complaint alleges that in 1994, the general partners executed a fraudulent amendment to the partnership certificate which purported to extend the partnership term for five years, until 2000. A copy of the amendment is attached to the complaint and shows that it was executed by Knight in Broward County and by Stetson in Martin County. Count XI of the complaint seeks recovery of damages for a false statement made in the certificate of amendment under Florida Statutes section 620.117(1).
The appellees filed a motion to dismiss the complaint on various grounds, including improper venue. The motion was accompanied by appellees' supporting affidavits. The affidavits alleged that: the principal place of the partnership's business is in Martin County and it has been there since 1981; no office is located in Broward; defendant Stetson is a resident of Martin County; defendant Knight is a resident of Polk County; and the sole real property asset of the partnership is located in Polk County. The partnership agreement states that the partnership's purpose is the acquisition and holding of real property in Polk County.
In response to the motion to dismiss, appellant stated that the cause of action based on Knight's execution of a false certificate in Broward accrued in Broward, and that, therefore, under Florida Statutes section 47.041, venue in Broward was proper for all counts of the complaint. Appellant argued that venue was proper in Broward because Knight executed the allegedly false amendment to the certificate in Broward (Count XI) and that all that is needed to establish venue over the entire complaint in Broward is a showing that one of the causes of action accrued there. While appellant has accurately stated the law, he has failed to allege facts or submit any proof contradicting appellees' challenge to his choice of venue. Intercapital Funding Corp. v. Gisclair, 683 So.2d 530, 532 (Fla. 4th DCA 1996) ("Suits involving several causes of action may be brought in any county where any of the causes of action accrued.").
The standard of review for an order on a motion to transfer or dismiss for improper venue is abuse of discretion. Air South, Inc. v. Spaziano, 547 So.2d 314, 315 (Fla. 4th DCA 1989). "A plaintiff has the `option of venue selection, as long as that selection is one of the statutory alternatives, it should not be disturbed.'" Intercapital Funding, 683 So.2d 530, 532 (quoting Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989)). Under Florida Statute section 47.011, appellant could have brought his action in any county where either defendant resides, where the causes of action accrued, or where the property subject to the litigation is located. The evidence before the trial court supported the findings that neither defendant resides in Broward and that the subject property is located in Polk County.
Since the trial court was correct in finding that the two other statutory criteria did not support venue in Broward, the question is whether Broward was the site of any of the causes of action alleged in the complaint. After careful review of the record on appeal, we find that only one of appellant's causes of action merits discussion.
The appellant sued both Knight and Stetson pursuant to Florida Statute section 620.117 for damages caused by the *569 filing of an allegedly false certificate that Knight executed in Broward County. Section 620.117 provides:
If a certificate of limited partnership or certificate of amendment or cancellation contains a false statement, a person who suffers loss by reasonable reliance on that statement may recover damages for the loss from:
(1) Any person who executed the certificate or caused another to execute it on his or her behalf and knew, and any general partner who knew or should have known, the statement to be false at the time the certificate was executed; and
(2) Any general partner who thereafter knows or should have known that any arrangement or other fact described in the certificate has changed, making the statement inaccurate in any material respect, within a sufficient time before the statement was relied upon reasonably to have enabled that general partner to cancel or amend the certificate or to file a petition for its cancellation or amendment under s. 620.115.
"For venue purposes, a tort claim `is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place.' In other words, a tort accrues where the plaintiff first suffers injury." Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA 1993) (citations omitted); Wincor v. Cedars Healthcare Group, Ltd. 695 So.2d 924 (Fla. 4th DCA 1997). Section 620.117 creates a cause of action for persons who suffer loss by reasonable reliance on a certificate of limited partnership (or amendment) containing a false statement. Here, appellant has not alleged that he reasonably relied on the certificate, nor has he alleged any facts that demonstrate he suffered injury in Broward.
Although venue does not lie in Broward, the proper remedy is to transfer the case to Martin or Polk County.
[T]he party contesting venue must demonstrate where the proper venue is. In ruling on a motion to dismiss for improper venue, if the movant successfully carries his burden, the trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the cause to that venue in accordance with Rule 1.060(b), F.R.C.P., rather than dismiss it.
Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970).
While Florida Rule of Civil Procedure 1.420(b) implies that dismissal may also be available in this situation, since it states that a dismissal for improper venue is not a decision on the merits, dismissal under these circumstances is disfavored. See, e.g., Fogarty Van Lines, Inc. v. Kelly, 443 So.2d 1070, 1072 (Fla. 2d DCA 1984) (reversing the denial of the motion to dismiss for improper venue, but directing that on remand the trial court transfer the action to a proper county). The appellees appear to agree that transfer would have been the more appropriate remedy, pointing out in their answer brief that they suggested that the trial court transfer, rather than dismiss the case. However, they argue that the appellant somehow waived that remedy in the proceedings below by either not requesting it as an alternative to dismissal or by arguing against transfer. To the contrary, the record reveals that appellant argued during the hearing below that improper venue was a basis for transfer, not dismissal, and that the remedy of dismissal is draconian.
Accordingly, we reverse the order of dismissal and remand so that the trial court can transfer the cause to either Martin or Polk County.
AFFIRMED in part, REVERSED in part and REMANDED.
DELL, POLEN and TAYLOR, JJ., concur.