743 So.2d 1177 (1999)
LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., Appellant,
v.
HARRIS CONSTRUCTORS, INC., Appellee.
No. 99-01889.
District Court of Appeal of Florida, Second District.
October 27, 1999.
Mark D. Hildreth of Abel, Band, Russell, Collier, Pitchford & Gordon, Sarasota, for Appellant.
John J. Agliano, of Agliano, Hodges & Whitmore, P.A., Tampa, for Appellee.
PER CURIAM.
In this interlocutory appeal, Langan Engineering and Environmental Services, Inc. ("Langan"), appeals the trial court's denial of its motion to transfer venue. We reverse.
Harris Constructors, Inc. ("Harris"), sued Langan for intentional interference with a business relationship. Harris brought the suit in Pinellas County, where Harris maintains its office. Langan, a New Jersey Corporation, has its Florida offices in Dade County.
Harris's complaint alleges that Langan intentionally interfered with its business relationship with Clark Construction Group, Inc. ("Clark"), a nonparty. Langan allegedly caused Clark to reject Harris' bid for a construction subcontract for pile foundation work for a project in Dade County. Langan allegedly misrepresented to Clark and the project's owners the construction and testing criteria for the project. Langan allegedly defamed Harris by telling Clark and other third parties that Harris' pile foundation system was inferior to other systems.
Section 47.051, Florida Statutes (1997), allows plaintiffs to bring actions against foreign corporations doing business in Florida "in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located." Pursuant to the statute, venue in this case should lie in Dade County, where Langan has its Florida offices, unless the court determines the cause of action accrued elsewhere. "[F]or venue purposes, a tort claim is deemed to have accrued where the last event necessary to *1178 make the defendant liable for the tort took place." Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986).
Since the last element of the tort of interference with a business relationship is damages, the trial court reasoned that the cause of action accrued when Harris did not receive payment at its offices in Pinellas County. The trial court relied on the Third District's statement in Tucker that a cause of action for legal malpractice "accrued" for venue purposes "where the defendant's asserted negligence impacted upon the plaintiff's economic interests...." Id. at 1371. We disagree with the trial court's interpretation of Tucker. We note that the Third District, in Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA 1993), specifically interpreted this same statement in Tucker to mean that "a tort accrues where the plaintiff first suffers injury." For venue purposes, a cause of action for tortious interference with a contract or advantageous business relationship accrues in the county where overt acts constituting the interference occurred. See R. KYLE GAVIN, JUDITH S. BEAUBOUEF, BUSINESS LITIGATION IN FLORIDA § 3.21 (The Florida Bar 1998). In this case, the damage to Harris was the loss of the business relationship, not the failure to receive payments on the contract.
This case is analogous to Goldsmith, 619 So.2d at 332. In Goldsmith, the Third District held that in a tortious interference with a contract "the last event necessary to make appellant liable was luring the firm's clients away in Brevard County. Hence, the injury was the loss of the clients." Similarly here, the last event necessary to make Langan liable was its interference with Harris' business relationship with Clark in Dade County. The injury was the loss of the subcontract.
In this case, we cannot determine where the injury occurred because the record does not reveal where Langan allegedly made the defamatory statements or where Clark maintains its offices. Therefore, the statute alternatively requires venue where Langan maintains its Florida offices, that is, Dade County.
Reversed.
PATTERSON, C.J., THREADGILL and DAVIS, JJ., Concur.