COPE, J.
Edward and Brian Fontana appeal an order denying their motion to dismiss or transfer for improper venue. We reverse.
Hugo International is a shoe wholesaler which is headquartered in Miami-Dade County. It imports and sells women’s shoes to retail stores throughout the United States. For a number of years, the Fontanas were sales agents for Hugo. They live in Pinellas County, but traveled nationwide on Hugo’s behalf.
According to Hugo’s complaint, the Fon-tanas (while employed by Hugo) went to California and concluded an agreement to represent Hugo’s competitor, Sideout Shoe *434 Company.[1] Hugo contends that the Fon-tanas disclosed confidential commercial information and that they induced Hugo’s exclusive supplier in Hong Kong to cease relations with Hugo and instead supply Sideout. This resulted in financial injury to Hugo.
Hugo sued the Fontanas for tortious interference with Hugo’s business relationship with its Hong Kong supplier, breach of fiduciary duty, and violation of the Florida Deceptive and Unfair Trade Practices Act. The Fontanas moved to dismiss or transfer for improper venue. They argued, and Hugo concedes, that none of the tortious acts took place in Miami-Dade County. The Fontanas asserted that the only proper Florida venue was Pinellas County, where the Fontanas reside. The trial court denied the motion, and this appeal follows.
We conclude that venue does not lie in Miami-Dade County, and respectfully disagree with the trial court’s conclusion to the contrary.
Under the venue statute applicable here, “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (2000). Under the facts of the present case, venue can be sustained in Miami-Dade County only if the cause of action accrued there.[2]
Hugo concedes that the alleged tor-tious acts were committed in California, not Florida. Hugo argues, however, that “[t]he impact of the tortious conduct (i.e., monetary damages) was felt in Miami-Dade County.” Answer brief at 10. Hugo reasons that it lost business as a result of the defendant’s conduct, and that the business losses were felt in the form of reduced income at the company headquarters in Miami-Dade County. Hugo argues that its venue theory is supported by this court’s decision in Tucker v. Fianson, 484 So.2d 1870 (Fla. 3d DCA 1986). We disagree.
“For venue purposes, a cause of action for tortious interference with a contract or advantageous business relationship accrues in the county where overt acts constituting the interference occurred.” Langan Engineering and Environmental Services, Inc. v. Harris Constructors, Inc., 743 So.2d 1177, 1178 (Fla. 2d DCA 1999) (citation omitted). As Hugo concedes that the alleged tortious conduct took place in California, it follows that the cause of action did not accrue in Miami-Dade County (or anywhere else in Florida), and that portion of the venue statute cannot be relied on in this case.
In support of its position, Hugo relies on portions of the Tucker decision which indicate that the cause of action accrues “where the economic damage had been done,” 484 So.2d at 1372, and that the critical act for accrual purposes “is often not the wrongful conduct of the defendant, but its adverse impact upon the plaintiff.” Id. at 1371 n. 3. (citations omitted). Hugo interprets Tucker to say that venue is proper wherever the plaintiff has suffered any financial damages, but that is not a correct interpretation. See Langan Engineering, 743 So.2d at 1178.
*435 Tucker was a legal malpractice case in which an attorney located in Broward County had allegedly given negligent legal advice to his client regarding her condominium conversion of a building in Miami-Dade County. The question was whether the cause of action accrued when the attorney delivered the legal advice in Broward County, or when the client acted on it in Miami-Dade County. The Tucker court concluded that the negligent legal advice did no harm and had no effect until the client took action based on the legal advice. Id. at 1372. Consequently, the Tucker court concluded that for purposes of the legal malpractice action, the cause of action accrued in Miami-Dade County. Id.
The Tucker court said:
[W]e adopt and apply the rule that, for venue purposes,
a tort claim is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant’s negligence, first took effect on the body or the property of the plaintiff. Thus, a claim for tort arose where the harmful force first took effect, or where the plaintiff suffered injury.
484 So.2d at 1371 (citation omitted; emphasis added). See also Langan Engineering, 743 So.2d at 1177-78.
A footnote in Tucker states:
“In determining the proper forum in which to bring suit under the general statute fixing venue where the cause of action “arose,” or “accrued,” the “injury occurred,” et cetera, the differences are often of importance, but generally within the meaning of statutes of this kind, a cause of action is said to arise at the place where the act creating the right to bring an action occurred, and when a tort is complete in a particular county, the cause of action is deemed to have accrued there so as to fix venue, notwithstanding that the plaintiff may have suffered damages, and even his greatest damage, in another county.”
484 So.2d at 1371 n. 3 (citation omitted; some emphasis in original, some emphasis added).
In Williams v. Goldsmith, 619 So.2d 330 (Fla. 3d DCA 1993), a law firm had offices in Miami-Dade County and Brevard County. A partner in the Brevard County office left the firm and took clients with him. The law firm sued for breach of contract and tortious interference. This court said:
For venue purposes, a tort claim “is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place.” In other words, a tort accrues where the plaintiff first suffers injury.
Applying the Tucker analysis to the facts of this case, we conclude that the injuries or damages first occurred in Brevard County. In the tortious interference with contract claim, the last event necessary to make appellant liable was luring the firm’s clients away in Brevard County. Hence, the injury was the loss of the clients.
619 So.2d at 332 (citation and footnote omitted). The court acknowledged that the law firm alleged that it had suffered a loss of attorney’s fees, presumably at the firm’s headquarters in Miami-Dade County. Id. at 332 n. 1. “However, the initial injury occurred when the appellant lured the clients away.” Id.
Similarly in the present case, Hugo acknowledges that the alleged overt tortious acts were all committed in California. The tortious conduct was complete at that time. The fact that Hugo suffered loss of income in its headquarters in Miami-Dade County is immaterial.
*436 For the reasons stated, we reverse the order now under review and remand with directions to transfer the cause to Pinellas County.
Reversed and remanded.

. It is not clear whether it is alleged that both Fontanas attended the California meeting, or whether Brian Fontana attended the California meeting on behalf of himself and Edward Fontana. For present purposes it makes no difference.

. As to the other alternatives under the statute, the defendants reside in Pinellas County, and there is no property in litigation.