*113
 
 DAVIS, Judge.
 

 Joyce Lynn Rocco, Individually and as Personal Representative of the Estate of Dan H. Rocco, challenges the trial court’s order granting Glenn, Rasmussen, Fogarty, & Hooker, P.A. (Glenn, Rasmussen), and Peter J. Kelly’s motion to transfer the underlying cause of action to Hillsborough County.
 

 Mrs. Rocco, who is the widow of Dan Rocco, the decedent, hired the Glenn, Rasmussen law firm to open the probate proceedings for her late husband’s estate and to represent her individually and in her capacity as personal representative of the estate. Since the decedent resided in Manatee County at the time of his death, the probate proceedings were opened there. Although Glenn, Rasmussen’s office is in Hillsborough County, Peter J. Kelly, an attorney with the firm, traveled to Manatee County to undertake the representation.
 

 The decedent also is survived by his three adult sons from a prior marriage. These sons were named as specific devi-sees in the decedent’s will, and Mrs. Rocco was named as the residual beneficiary. In addition to the probate assets that the sons received pursuant to the will, they also took title to other nonprobate estate property upon their father’s death. During the course of the probate proceedings, certain disputes arose between Mrs. Rocco and her stepsons. A negotiated settlement was reached that provided for the payment of certain probate assets to the sons, and the sons in turn executed consents and releases, waiving all other claims to estate assets. Additionally, the settlement provided that any additional estate tax liability that arose would be allocated among the beneficiaries.
 

 Upon the filing of the estate’s tax return, the IRS determined that there was in fact additional tax liability owed by the estate. Mr. Kelly, as attorney for both Mrs. Rocco and the estate, contacted the sons’ attorney in an attempt to exercise the provision of the settlement agreement that called for the sons to pay a portion of the additional taxes. Mr. Kelly also provided the sons’ attorney with a copy of the IRS worksheets showing the calculation of the additional taxes. However, before sending the tax worksheets, Mr. Kelly failed to redact confidential financial information from the sheets, thereby providing to the sons privileged information related to the financial circumstances of Mrs. Rocco and the estate.
 
 [1]
 

 Based on this information, the sons hired new counsel, who subsequently filed a withdrawal of the sons’ consents and releases in the Manatee County probate case. The sons made demands for Mrs. Rocco to file an amended inventory and for the additional payment of probate assets to them. After these issues were litigated, Mrs. Rocco and the sons reached an agreement by which she paid each son additional funds from her personal assets and in return the sons agreed to waive further claims against her or the estate. Mrs. Rocco then filed the underlying action against Glenn, Rasmussen and Mr. Kelly, individually, alleging breach of fiduciary duty and professional negligence.
 

 Mrs. Rocco filed her suit in Manatee County. Glenn, Rasmussen and Mr. Kelly (collectively, Appellees) filed motions to dismiss for improper venue or, in the alternative, motions to transfer venue. They argued that Manatee County was not the proper venue and that even if the
 
 *114
 
 trial court were to find otherwise, Hills-borough County was the most convenient county for the witnesses. They further alleged that the interest of justice supported transferring the action to Hillsbor-ough County. After a hearing on the motion, the trial court concluded that Manatee County was not the proper venue because the cause of action accrued in Hillsborough County. Rather than dismissing the complaint, the trial court transferred the action to Hillsborough County without addressing the forum non conveniens argument. Mrs. Rocco now appeals the order transferring the action to Hillsborough County.
 

 Our analysis of the venue question begins with the principle that the plaintiffs choice of venue should be accepted unless the defendant shows that the choice is improper.
 
 See Ivey v. Padgett,
 
 502 So.2d 22, 23 (Fla. 5th DCA 1986) (“The plaintiffs’ choice of venue is favored under Florida law if the election is one which has been properly exercised.”). Furthermore, the burden is on the defendant to show that the plaintiffs choice is improper.
 
 J.L.S. v. R.J.L.,
 
 708 So.2d 293, 295 (Fla. 2d DCA 1998) (“The plaintiffs choice of venue is presumptively correct, and the burden is clearly upon the party seeking a change of venue to demonstrate the impropriety of the plaintiffs selection.”).
 

 Section 47.011, Florida Statutes (2008), provides that a cause of action “shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” All the parties in the instant case agree that both Appellees reside in Hillsborough County and that the litigation is not related to specific property. However, to determine the proper venue for this action, we still must determine where the cause of action accrued.
 

 For the purpose of determining venue, “a tort claim is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place.”
 
 Tucker v. Fianson,
 
 484 So.2d 1370, 1371 (Fla. 3d DCA 1986). To determine whether Mrs. Rocco brought the action in a proper venue, we must decide where the last act necessary to make Glenn, Rasmussen and/or Mr. Kelly liable under either count of the complaint took place.
 

 Appellees argued before the trial court that the cause of action accrued in Hills-borough County because that is where it is alleged that the improper disclosure took place. Mr. Kelly sent the documents from his office in Hillsborough County to the Hillsborough County office of the attorney representing the sons. To support this contention, Appellees cited
 
 Langan Engineering & Environmental Services, Inc. v. Harris Constructors, Inc.,
 
 743 So.2d 1177 (Fla. 2d DCA 1999).
 

 In
 
 Langan,
 
 Harris brought suit against Langan for intentional interference with a business relationship. Harris was involved in a business relationship with a nonparty regarding a construction project that was to be performed in Dade County. Harris’ office was located in Pinellas County, and Langan maintained its office in Dade County. Harris’ allegation was that Lan-gan defamed Harris by telling the nonparty that Harris’ work was inferior. Harris brought its action in Pinellas County. Upon Langan’s challenge to venue, the trial court determined that the cause of action accrued where the improper act impacted the plaintiffs economic interest and that since Harris failed to receive payment on the contract in its Pinellas County office, venue was properly pleaded in Pinel-las County. The trial court based that determination on its reading of the following language found in
 
 Tucker,
 
 484 So.2d at
 
 *115
 
 1371: “The last event occurred when the harmful force, set in motion by the defendant’s negligence, first took effect on the body or the property of the plaintiff. Thus, a claim for tort arose where the harmful force first took effect, or where the plaintiff suffered injury.” This court disagreed with the trial court’s reading of
 
 Tucker,
 
 noting that the District itself had interpreted its
 
 Tucker
 
 language “to mean that ‘a tort accrues where the plaintiff first suffers injury.’”
 
 Langan,
 
 743 So.2d at 1178 (quoting
 
 Williams v. Goldsmith,
 
 619 So.2d 330, 332 (Fla. 3d DCA 1993)). Accordingly, this court concluded, “For venue purposes, a cause of action for tortious interference with a contract or advantageous business relationship accrues in the county where overt acts constituting the interference occurred.”
 
 Id.
 

 Here, Appellees argued below that the facts of this case are similar to those of
 
 Langan
 
 in that the alleged tortious conduct was a communication and that the cause of action accrued where that communication was made. According to Appel-lees, since the communication was made in Hillsborough County, venue must be in Hillsborough County and the trial court should either dismiss the complaint or transfer the action.
 

 Mrs. Rocco, however, maintains that
 
 Tucker
 
 does not support Appellees’ position. In
 
 Tucker,
 
 the cause of action was legal malpractice, not tortious interference with a business relationship. 484 So.2d at 1371. The attorney/defendant maintained his office in Broward County but undertook a condominium conversion in Dade County. His deficient performance took place at his desk in Broward County, but the cause of action accrued in Dade County because that is where the economic impact of his negligence occurred. The Third District affirmed the trial court’s denial of the challenge to the venue selection of Dade County.
 
 Id.
 
 at 1372.
 

 Mrs. Rocco argues that just as the negligent act of the
 
 Tucker
 
 attorney in Bro-ward County did not result in the cause of action accruing until the result of that act manifested in Dade County, Mr. Kelly’s delivery of the documents in Hillsborough County did not result in the cause of action accruing until the impact of that delivery allegedly influenced the probate proceedings and caused Mrs. Rocco to pay the sums required by the second settlement agreement, both of which occurred in Manatee County. Mrs. Rocco also cites
 
 Wincor v. Cedars HealthCare Group, Ltd.,
 
 695 So.2d 924 (Fla. 4th DCA 1997), and
 
 Ivey,
 
 502 So.2d 22, in support of her argument that the negligent delivery of the confidential material in Hillsborough County did not result in the cause of action accruing until the manifestation of the resulting impact occurred in Manatee County.
 

 Citing
 
 Langan,
 
 the trial court determined that the cause of action accrued in Hillsborough County because the “overt acts” occurred in Hillsborough County. As such, the trial court denied Appellees’ motion to dismiss but granted their motion to transfer to Hillsborough County. We conclude that the trial court erred in determining that the cause of action accrued in Hillsborough County. We agree that this court in
 
 Langan
 
 determined that for a claim of tortious interference with a business relationship, the location of the communication would be the site of the accrual of the cause of action. That is, the defendant is liable at that point because the defamatory remarks have caused their injury.
 
 See
 
 743 So.2d at 1178 (“[T]he damage ... was the loss of the business relationship, not the failure to receive payments on the contracts.”). Such a claim, however, is distinguishable from the cause of action herein. The key to the distinc
 
 *116
 
 tion is the location of the last action that would render the defendant liable for the tort.
 
 See Tucker,
 
 484 So.2d at 1871.
 

 A legal malpractice claim, which is the designated professional negligence alleged in the complaint before us, “has three elements: (1) the attorney’s employment, (2) the attorney’s neglect of a reasonable duty, and (8) the attorney’s negligence [as] the proximate cause of the client’s loss.”
 
 Cira v. Dillinger,
 
 903 So.2d 367 (Fla. 2d DCA 2005).
 
 [2]
 
 In the instant case, we must then resolve whether the delivery of the documents was the proximate cause of the damage to Mrs. Rocco or whether some additional event or act must have occurred before Appellees could be held liable for the tortious conduct.
 

 Most of the cases examining the issue of proximate cause are related to when, rather than where, the action accrued. However, the reasoning set forth in these cases provides a framework for our analysis. For example,
 
 Hold v. Manzini,
 
 736 So.2d 138 (Fla. 3d DCA 1999), addressed whether a legal malpractice claim accrued prior to the execution of a general release by the plaintiffs in favor of the defendant law firm. The Holds, the plaintiffs in the negligence claim, hired attorney Manzini and his firm to represent them as the defendants in a federal suit. Based on Manzi-ni’s advice, the Holds declined the plaintiffs offer of judgment. After a jury trial returned a verdict in favor of the plaintiffs, the plaintiffs moved for attorney’s fees based on the offer of judgment statute. While that motion was pending, the Holds sought to dismiss Manzini as counsel. After negotiating the amount of fees the Holds owed Manzini, the Holds agreed to a general release of liability in favor of Man-zini.
 

 Ultimately, the federal trial court granted the plaintiffs motion for fees. The Holds then brought claims for legal malpractice and breach of fiduciary duty against Manzini. Manzini raised the release as an affirmative defense and sought summary judgment, which the trial court granted. On appeal, the Third District reversed the trial court’s ruling, determining that the general release would include all claims that had matured as of the time the release was signed.
 
 Id.
 
 at 141. The court further determined that the claim had not accrued as of the date of the execution of the release because the Holds did not sustain redressable harm until the adverse final judgment was entered against the Holds.
 
 Id.
 
 at 141-42. “Until that time, a legal malpractice claim is hypothetical and damages are speculative.”
 
 Id.
 
 at 142.
 

 Following similar reasoning, we conclude that Mrs. Rocco did not suffer redressable harm, thereby causing her legal malpractice claim to accrue, until the sons used the improperly disclosed information as the basis for their pleadings in the Manatee County probate proceeding.
 
 *117
 
 Until those pleadings were filed, Mrs. Rocco’s professional negligence claim was hypothetical and any damages were speculative. As such, the final act or event that was necessary to render Appellees liable for professional negligence occurred in Manatee County, and venue is proper there. Even had Hillsborough County been a proper venue for the breach of fiduciary duty claim, under a theory of nominal damages, because Mrs. Rocco could properly elect to bring the action in Manatee County, where the professional negligence claim accrued, the trial court erred in transferring venue.
 
 See
 
 § 47.041 (“Actions on several causes of action may be brought in any county where any of the causes of action arose.”);
 
 Ivey,
 
 502 So.2d at 23.
 

 We therefore reverse the trial court’s order transferring the action to Hillsbor-ough County and remand for further proceedings consistent with this opinion. The trial court made no findings on the motion to transfer venue based on the convenience of the witnesses as provided by section 47.122, and we do not address that issue.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and NORTHCUTT, J., Concur.
 

 [1]
 

 . In negotiating the first settlement agreement, Mr. Kelly also provided the sons' attorney copies of certain tax-related documents, but in doing so, he redacted privileged personal financial information related to his clients.
 

 [2]
 

 . In addition to her professional negligence claim, Mrs. Rocco's complaint also included a count for breach of fiduciary duty. To state a cause of action for breach of fiduciary duty, a plaintiff must allege three elements: the existence of a fiduciary duty, a breach of that duty, and plaintiff's damages proximately caused by the breach.
 
 Gracey v. Eaker,
 
 837 So.2d 348, 353 (Fla.2002). However, a defendant may be liable for nominal damages for a breach of fiduciary duty even if the plaintiff cannot prove actual damages.
 
 See Stevens v. Cricket Club Condo., Inc.,
 
 784 So.2d 517, 519 (Fla. 3d DCA 2001). Accordingly, Appellees may arguably have been liable for at least nominal damages in the cause of action for the breach of fiduciary duty upon the delivery of the documents to the sons' attorney in Hillsborough County. However, because the complaint alleges actual damages and is coupled with the legal malpractice claim, our analysis focuses on the proximate cause of the entirety of the claims rather than the nominal damages of one claim.