PALMER, J.
Attorney Grover Moscowitz appeals the non-final order entered by the trial court denying his motion to dismiss the appel-lees’ complaint on the basis of improper venue.[1] Determining that venue in this action is not proper in Brevard County, we reverse.
James Oldham and Oldham Group, Inc. filed a complaint in Brevard County against Hartke & Hartke, P.A., Attorney Wayne Hartke, Grover Moscowitz, P.A., and Attorney Moscowitz. The complaint alleged that Oldham is a resident of Memphis, Tennessee; Oldham Group, Inc. is a Tennessee for-profit corporation; Hartke & Hartke is a professional association engaged in the business of rendering legal services with its principal place of business in Virginia; Wayne Hartke practices law at the Hartke firm; Grover M. Moscowitz, P.A., is a professional association engaged in the business of rendering legal services with its principal place of business in Miami, Florida; and, Grover Moscowitz practices law at the Moscowitz firm.
Count I of the complaint alleged a claim for legal malpractice against Hartke, and Count II alleged a claim of legal malpractice against Moscowitz. Count III alleged a claim of breach of fiduciary duty against Hartke, and count IV alleged a claim of breach of fiduciary duty against Moscow-itz.
The complaint set forth the following allegations. Hartke & Hartke entered into an attorney-client relationship with the Oldhams, agreeing to defend them in a lawsuit which had been filed in the United States District Court in Orlando. Mos-cowitz thereafter entered into an attorney-client relationship with the Oldhams, agreeing to act as local counsel for them in the same federal lawsuit. ■ The defendants failed to file a responsive pleading on behalf of the Oldhams in the federal lawsuit, thereby resulting in a default judgment being entered against them in the amount of $4,385,260.46. Hartke then drafted a false affidavit and provided it for Mr. Old-ham to sign, and filed the false affidavit in federal court in support of the Oldhams’ motion to vacate the default judgment. Hartke directed Mr. Oldham to testify in federal court consistent with the facts set forth in the affidavit, notwithstanding the fact that the facts were not true. As for damages, the complaint stated that the defendants’ tortious conduct resulted in a final default judgment being entered against the Oldhams in the amount of $4,385,260.46, as well as additional business damages.
Moscowitz responded to the complaint by filing a motion to dismiss the complaint for improper venue and the failure to state a cause of action. Of importance to this appeal, the motion argued that venue was *138 not proper in Brevard County because no tort was committed in Brevard County.
In response, the Oldhams argued that venue was proper in Brevard County because the causes of action (i.e., the tortious acts of legal malpractice and breach of fiduciary duty) occurred in Brevard County when Hartke directed Mr. Oldham to testify falsely in his affidavit and during the subsequent federal court hearing. Mr. Oldham filed an affidavit in which he stated that he personally met with Attorney Hartke at a residence in Brevard County to prepare for the hearing on his motion to set aside the default entered in the federal lawsuit.
The trial court entered an order denying Moscowitz’s motion. Moseowitz challenges this ruling, claiming the proper venue for this lawsuit is not in Brevard County. We agree.
Venue is governed by section 47.011 of the Florida Statutes (2008), which states that actions can be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. The issue in this case is whether any of the Oldhams’ four causes of action accrued in Brevard County, thereby making venue in Brevard County legally correct.
A legal malpractice claim
“has three elements: (1) the attorney’s employment, (2) the attorney’s neglect of a reasonable duty, and (3) the attorney’s negligence [as] the proximate cause of the client’s loss.” Cira v. Dillinger, 903 So.2d 367 (Fla. 2d DCA 2005).
Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So.3d 111, 116 (Fla. 2d DCA 2009). As for a claim of breach of fiduciary duty,
a plaintiff must allege three elements: the existence of a fiduciary duty, a breach of that duty, and plaintiffs damages proximately caused by the breach. Gracey v. Eaker, 837 So.2d 348, 353 (Fla.2002).
Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So.3d at 116 n. 2. Importantly, “[v]enue in the county where plaintiff first suffers injury is proper even where the defendant’s negligent conduct occurs in another county.” Wincor v. Cedars Healthcare Group, Ltd., 695 So.2d 924 (Fla. 4th DCA 1997).
Here, in asserting a claim for damages, the Oldhams’ complaint cited to the damage award which was entered against them in the United States District Court in Orlando and the resulting financial losses sustained as a result of that judgment. The complaint does not allege that the entry of the default judgment was caused by any of the improper acts committed by Attorney Henkle during his meeting with Mr. Oldham in Brevard County; therefore, venue was not proper in Brevard County. Accordingly, the trial court’s order denying Attorney Moscowitz’s motion to dismiss for improper venue must be reversed. See Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So.3d 111 (Fla. 2d DCA 2009)(holding that redressable harm allegedly suffered by personal representative of decedent’s estate, triggering accrual of her cause of action for legal malpractice based on attorney’s alleged disclosure of confidential financial information to decedent’s stepsons, occurred when stepsons used her financial information as basis for their pleadings in probate proceedings in Manatee County, not when attorney allegedly disclosed financial information to stepsons from his office located in Hillsborough County and, thus, Manatee County was proper venue for wife’s malpractice action); Ivey v. Padgett, 502 So.2d 22 (Fla. 5th DCA 1986)(holding that legal malpractice action sounding in contract and in tort, *139 based on alleged failure to timely file medical malpractice claim in Volusia County accrued in that county, so that venue was proper there); Tucker v. Fianson, 484 So.2d 1370 (Fla. 3d DCA 1986)(explaining that cause of action for legal malpractice accrued for venue at location where attorney’s asserted negligence impacted upon client’s economic interests, although wrongful act occurred in another place).
REVERSED and REMANDED.
SAWAYA and ORFINGER, JJ., concur.

. This court possesses jurisdiction to review non-final orders that concern venue. See Fla. R. App. P. 9.130(a)(3)(A).