# Third District Court of Appeal

## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1288
Lower Tribunal No. 22-2040

————————————

**Brown & Brown of Florida, Inc., etc., et al.,**
Appellants,

vs.

**Tzadik Acquisitions, LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Freeborn & Peters LLP, and Lawrence P. Ingram, Melissa B. Murphy, Robert A. Stines and Stanton A. Fears (Tampa), for appellants.

Fleischmann PLLC, and Jeffrey Fleischmann (New York, NY); Fuerst Ittleman David & Joseph, and Allan A. Joseph, for appellees.

Before SCALES, HENDON and GORDO, JJ.

GORDO, J.

Brown & Brown of Florida, Inc., ("Brown & Brown")[1] appeal a trial court order denying their motion to transfer venue. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A). Because we find the trial court did not abuse its discretion in denying Brown & Brown's motion to transfer venue, we affirm.

In 2017 Tzadik Acquisitions, LLC, ("Tzadik")[2], was sued in a wrongful death claim after Alfred Lance III, was shot and killed while present as a business invitee on Tzadik's Kings Trail Apartments property in Duval County. Tzadik had previously hired Brown & Brown, which represented itself as an insurance expert, to plan and manage Tzadik's insurance requirements. Brown & Brown met with Tzadik in its Miami-Dade office and provided Tzadik with an insurance proposal and a "Summary of Bound" which both indicated Kings Trail was a covered property. As the wrongful death action proceeded, Tzadik learned Kings Trail was not covered by the insurance policies it had previously obtained with assistance from Brown & Brown. As a result, Tzadik was forced to pay the wrongful death suit out of pocket.

On April 20, 2022, Tzadik filed a complaint against Brown & Brown in Miami-Dade County for breach of fiduciary duties and negligence alleging

[1] Ian Shinnick and Ara Dresner are included as appellants.
[2] Tzadik also includes Kings Trail Apartments, Tzadik Management Group, LLC, Tzadik Management Group 2, LLC, and Tzadik Properties.

Brown & Brown failed to apply or obtain coverage for Kings Trail despite representing it as a covered property to Tzadik. Brown & Brown filed a motion to transfer venue to Duval County. Tzadik filed a response asserting venue was proper in Miami-Dade. Brown & Brown filed a reply. On June 24, 2022, the trial court held a hearing on the motion to transfer venue and subsequently entered an order denying Brown & Brown's motion to transfer venue. This appeal followed.

"We review a lower court's order on a motion to transfer or dismiss for improper venue for abuse of discretion." Huber v. Huber, 314 So. 3d 363, 365 (Fla. 3d DCA 2020). Pursuant to section 47.011, Florida Statutes, "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." "It is the prerogative of the plaintiff to select the venue of his or her suit, and when that choice is one of the three statutory alternatives, it will be honored." Weinberg v. Weinberg, 936 So. 2d 707, 708 (Fla. 4th DCA 2006).

In the operative complaint Tzadik raised claims against Brown & Brown for negligence and breach of fiduciary duties. "[A] tort claim is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant's negligence, first took effect on the body or the

property of the plaintiff. Thus, a claim for tort arose where the harmful force first took effect, or where the plaintiff suffered injury." Fontana v. Hugo Intern., Inc., 781 So. 2d 433, 435 (Fla. 3d DCA 2001) (quoting Tucker v. Fianson, 484 So. 2d 1370, 1371 (Fla. 3d DCA 1986)).

To determine where a plaintiff's injury occurred a court must look to the allegations laid out in the complaint. See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So. 3d 504, 509–10 (Fla. 4th DCA 2010) (looking at the injury alleged in plaintiff's complaint to determine "where the plaintiff first suffers injury."). Pursuant to the factual allegations in the complaint, Brown & Brown made representations to Tzadik regarding the insurance policies and covered properties in Miami-Dade, Tzadik entered into the policies in Miami-Dade and Tzadik made its wrongful death payment from its office in Miami-Dade. As the facts alleged in the instant complaint accrued in Tzadik's chosen forum, we find no abuse of discretion in the trial court's finding that Miami-Dade was the proper forum.

Affirmed.